Staunton.

BLIZZARD AND OTHERS V. SALYER AND OTHERS.

September 17, 1919.

Absent, Kelly, J.

1. RECORDING ACTS—*Purchasers Protected by Act against Prior Unrecorded Deed—Case at Bar.*—Suit was brought by complainants to review a decree which declared a recorded deed of certain lands to complainants to be null and void in favor of a prior unrecorded deed from the grantors of complainants to another. It was plain that the original decree was right in setting aside the deed to complainants, unless they were protected by the registry statute (section 2465 of the Code of 1904) against the prior unrecorded deed of their grantors to another.

   *Held:* That to be so protected complainants must have been complete purchasers for valuable consideration without notice of such prior unrecorded deed.

2. RECORDING ACTS—*Purchasers Protested by Act against Prior Unrecorded Deed—Infants—Case at Bar.*—From the pleadings in the original cause it did not appear that an issue was made as to the application of the registry act (section 2465 of the Code of 1904) to the case. The bill and other pleadings did not disclose that complainants were purchasers for valuable consideration without notice of the prior deed or that the prior deed was unrecorded. If the complainants were entitled to the protection of the registry statute, that was a matter of defense to the benefit of which they could entitle themselves only by affirmative pleading, setting up such defense and by proof sustaining such pleading. Such is the general rule applicable to such defense. The same rule applies to infants who seek to show cause against a decree affecting them.

3. RECORDING ACTS—*Purchasers Protected by Act against Prior Unrecorded Deed—Allegation of Valuable Consideration—Actual Payment of Consideration Necessary.*—The allegation in the bill in the instant case that the deed to complainants was made in consideration of $150 was not a sufficient allegation that complainants were purchasers for valuable consideration. It is not enough that the consideration was secured to be paid,

nor is a recital of payment in the deed sufficient; there must be actual payment.

4. RECORDING ACTS—*Purchasers Protected by Act against Prior Unrecorded Deed—Notice of Prior Unrecorded Deed—Pleading.*— In the instant case there was no allegation anywhere in the bill that complainants were purchasers without notice of the prior unrecorded deed. Though from allegations· in the bill it might be deduced that complainants were of a very tender age when the deed to them was made, this only went to the matter of proof, if an issue had been made by the pleading sufficient to have rendered such proof admissible. Mooreover, the bill did not allege when the deed to complainants was delivered, or when the consideration therefor was paid, if actually paid, or that it was in fact paid for their benefit.

5. BILL IN EQUITY—*Pleading—Facts not Alleged or Put in Issue.*— When parties, whether infants or adults, seek the aid of courts to enforce their rights, it is essential that they should allege the facts disclosing what those rights are. Neither the court below nor can the appellate court base its decree on facts not alleged or put in issue by the pleadings, nor safely grant relief, except upon issues both made by the pleadings and sustained by the evidence in the cause.

Appeal from a decree of the Circuit Court of Russell county. Decree for defendants. Complainants appeal.

*Affirmed.*

The appellants were plaintiffs in the court below, and the object of their bill was to show cause against a certain decree which will be hereinafter more particularly mentioned, which was entered in a certain chancery cause to which they were infant parties defendant at the time of such decree.

The appellants are two in number, namely, Reed G. Blizzard and Rawle Payne Blizzard. The former had but recently attained the age of twenty-one years, and the latter, being about two years younger, was still an infant when the suit was instituted in which the bill aforesaid was filed.

In filing such bill the adult appellant proceeded under

section 3424 of the Code, which, so far as material, is as follows:

"It shall not be necessary to insert in any decree or order a provision allowing an infant to show cause against it within a certain time after he attains the age of twenty-one years. But in any case in which, but for this section, such provision would have been proper, the infant may, within six months after attaining the age of twenty-one years, show such cause in like manner as if the decree or order contained such provision." The proceeding by the infant appellant was of the same character, the suit being instituted by him, suing by his next friend, before attaining the age of twenty-one years, he having the right to so proceed. *Harrison* v. *Walton's Ex'r*, 95 Va. 721, 30 S. E. 372, 41 L. R. A. 703, 64 Am. St. Rep. 830.

The allegations of the said bill, so far as material to be mentioned, are, in substance, as follows: That appellants are the owners of two-thirds' undivided interest in a certain tract of nineteen acres of land. That such land was conveyed to appellants and an elder brother, Beecher B. Blizzard, by deed of date June 28, 1897, from one Nellie Meade and husband, it being alleged in the language of the bill that, "The consideration for said conveyance being the sum of $150 cash * * * all of which will more fully and at large appear by a reference to the said deed recorded in the clerk's office of Russell county, Virginia, in deed book No. 30, page 636, and a duplicate copy of which is herewith filed as a part of this bill marked 'exhibit deed No. 1' and prayed to be read and taken as if the same were herein copied at large." That this deed was declared to be null and void and set aside by the decree aforesaid which was entered on September 14, 1909, in the chancery cause first above mentioned. That Susie A. Blizzard, the mother of appellants, was the complainant in that suit, and appellants and their elder brother were infant defendants along

with other adult and infant defendants. That their said
mother, in her bill in that suit, alleged that she was the
equitable owner of said land by virtue of an alleged title-
bond, bearing date May 12, 1897, signed by one Elam and
wife, a copy of which was filed with such bill. That such
bill further alleged that said Elam derived title to said land
from the aforesaid Nellie Meade and husband by deed prior
in date to that to appellants aforesaid, to-wit, by deed of
date January 10, 1894, a copy of which was filed with such
bill, but which deed the bill of appellants allege has never
been recorded. That the prayer of the bill of their said
mother was that the said deed to appellants "be set aside
and declared null and void and also that a deed be caused
to be made to said complainant in said cause," conveying
the title to said land from said Elam's heirs, he having died
before making conveyance in accordance with said title bond.
That a formal answer of appellants as infants, along with
their elder brother and certain Elam heirs, who were also
infants, was filed by their guardian *ad litem* in said cause
in which their mother was complainant, as aforesaid; which
answer stated that by reason of their age said infants knew
nothing of the allegations of the complainant's bill, but sup-
posed that they had rights involved in the cause, and placed
appellants under "the protection of the court" and asked
"that the complainant be required to make out her case to
the satisfaction of the court." That none of the adult Elam
heirs demurred, pleaded or answered and the bill was taken
for confessed as to them. That no proof was introduced in
said cause to justify the decree aforesaid other than the ex-
hibits of said title bond and deeds from Nellie Meade and
husband to Elam and to appellants. That, nevertheless,
upon such status of the pleadings and proof, such decree
was entered. The bill of appellants thereupon alleges that
the adult appellant reached his majority within six months
next preceding the commencement of appellants' suit, and

that the younger appellant is still within the age of twenty-one years and states that appellants are advised that by virtue of the foregoing allegations of fact they are entitled to come into a court of equity, praying the court to review the said decree and that "the court will set aside said decree for the manifest errors therein committed appearing on the face of the record  *  *  *  and that the court will cause the said two-thirds interest in the tract of land mentioned in the bill to be reconveyed to your complainants  *  .*  * or will set aside and decree null and void the said decree and deeds mentioned that affect their two-thirds interest in said tract or which create a cloud upon their title to their two-thirds interest;" and the prayer of the bill is for relief accordingly and for recovery of rents of the land.

There was a demurrer to the bill which was sustained by the court below on the ground that the bill did not contain an allegation that appellants were purchasers of the land for valuable consideration without notice of the deed to Elam, aforesaid, whereupon the decree under review was entered accordingly, sustaining the demurrer, with provision therein giving appellants leave to file an amended bill if they should be so advised.

Other material facts are referred to in the opinion of the court below.

*Joseph E. Duff,* for the appellants.

*W. W. Bird,* for the appellees.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court.

There were a number of assignments of error in the petition for the appeal, all of which, however, were stated in oral argument by counsel for appellants to be waived

or not relied on, except one, which, so far as material, is as follows:

1. "The court erred in the original suit" (above referred to, in which Susie A. Blizzard, the mother of appellants, was complainant and appellants and the Elam heirs were defendants) "in decreeing the deed to petitioners set aside, when the suit was heard and determined only upon the bill and exhibits filed with the bill and the denial *in toto* of the allegations of the bill by the answer of the infants by their guardian *ad litem* * * * and no proof or depositions taken and filed in support of the allegations made in the bill."

[1] It will be seen from the statement preceding this opinion that the bill in the cause before us assails the decree entered in the original suit mentioned as void because of lack of sufficient proof in the record to sustain it in setting aside a recorded deed to appellants in favor of a prior unrecorded deed from the grantors of appellants to another (one Elam) from whom the complainant in such original suit derived equitable title to the land in controversy by purchase as evidenced by a certain title bond given her by said Elam.

It is plain from the bill in the cause before us that the decree in the original cause was amply supported in proof by the exhibits filed with the bill in such original cause and that such decree was right in setting aside the deed to appellants, unless, indeed, they were protected by the registry statute (sec. 2465 of the Code) against the said prior unrecorded deed of their grantors to another. To be so protected, appellants must have been complete purchasers for valuable consideration without notice of such prior unrecorded deed.

[2] From the bill in the cause before us it does not appear that such an issue as that last named was made by the pleadings in said original cause. And on referring to

77

the bill in such original cause we see that it is not disclosed
by its allegations that appellants were purchasers for valuable consideration without notice of the deed to Elam or
that the deed to Elam was unrecorded. So far as appears
from that bill, the issue made thereby, to the extent that
the suit concerned appellants, was whether the deed to appellants could have operated to convey to them the legal or
equitable title to land which their grantors had theretofore
conveyed away to another by a prior deed which was in
proper form and in every way valid and sufficient to so
operate at law and in equity, it not appearing from the
allegations of the bill or other pleadings in the cause that
the registry statute had any application to the case. That
such statute had any application to the case was not put in
issue by any other pleading therein.

Such being the nature of said original suit, if the appellants were entitled to the protection of the registry statute
aforesaid, that was a matter of defense, to the benefit of
which they could entitle themselves only by affirmative
pleading setting up such defense and by proof sustaining
such pleading. *Lamar* v. *Hale,* 79 Va. 147, 157; *Rorer Iron
Co.* v. *Trout,* 83 Va. 397, 414, 417, 2 S. E. 713, 5 Am. St.
Rep. 285, and authorities cited; 39 Cyc., pp. 1778-1780.
Such is the general rule applicable to such defense. The
same rule applies to infants who seek to show cause against
a decree affecting them. See *Pierce* v. *Trigg,* 10 Leigh (37
Va.) 406, and note to that case in Va. Rep. Anno.

[3] The allegation in the bill in the cause before us of the
recital in the deed to appellants that the deed was made in
consideration of $150 is not a sufficient allegation that appellants were purchasers for valuable consideration. As
said in *Lamar* v. *Hale, supra* (79 Va., at p. 157), quoting
with approval from Perry on Trusts, sec. 219: "* * *
it is not enough that the consideration was secured to be
paid, *nor is a recital of payment in the deed sufficient;*

*there must be actual payment."* (Italics supplied.)   Hence,
the bill should have alleged actual payment by appellants
of the whole consideration.

[4]   And there is no allegation anywhere in the bill that
appellants were purchasers without notice of the prior un-
recorded deed aforesaid.   It is true that it may be deduced
by calculation based on the age of the elder appellant as
alleged in the bill that both of appellants were of a very
tender age when the deed to them was made which bears
date June 28, 1897 (so young that it may have been impos-
sible for them to have had notice of said prior deed at that
time), but that goes only to the matter of proof if an issue
had been made by the pleading sufficient to have rendered
such proof admissible.   Moreover, the bill does not allege
when the deed to appellants was delivered; or when the
consideration therefor was paid, if actually paid, or that it
was in fact paid for their benefit.

[5]   So far as is disclosed by the allegations of the bill
in the cause before us the appellants may have been of suf-
ficient age to have known, and they may have in fact known,
of the prior purchase by their mother before any purchase
money was paid by or for them for the land and before the
deed to them was delivered.   Or it may have been that no
purchase money for the land was ever paid by or for them.
It may have been that their grantors supposed that they
could disregard the prior deed they had made to Elam be-
cause such deed had been lost or destroyed and had not
been recorded, and they may have mistakenly supposed that
the purchase from Elam by the mother of appellants was
for appellants' benefit and have, without authority from
the mother, undertaken to convey the land to appellants in
disregard of the prior deed to Elam.   The bill in said orig-
inal suit rather indicates that the latter may have been the
true state of the case, as it alleges that "said Nellie Meade
and husband, without authority," attempted to convey the

land to appellants and their said elder brother. The facts touching this subject have not been alleged in the pleadings in the original suit or in the bill of appellants. When parties, whether infants or adults, seek the aid of courts to enforce their rights, it is essential that they should allege the facts disclosing what those rights are. Neither the court below nor can this court base its decree on facts not alleged or put in issue by the pleadings, nor safely grant relief except upon issues both made by the pleadings and sustained by the evidence in the cause.

It is plain, therefore, that there is no error in the decree under review, and it will be affirmed.

*Affirmed.*