A. GILMORE *et al.* v. MATOAKA GROCERY COMPANY *et al.*

(No. 8326)

Submitted April 7, 1936. Decided April 28, 1936.

*Samuel Solins* and *W. H. Ballard,* for appellants.
*W. H. Malcolm,* for appellees.

KENNA, JUDGE:

Matoaka Grocery Company, E. F. Mays, trustee, and National Carbide Sales Company prosecute this appeal from a decree of the Circuit Court of Mercer County entered on the 11th day of October, 1935, which made permanent a temporary injunction entered on the 7th day of February, 1935. The injunction was against the enforcement by the appellants of a certain alleged trust deed made the 27th of May, 1931, and purporting to be executed by A. Gilmore and E. Gilmore, his wife, conveying certain land in Rock Creek District, Mercer County, to E. F. Mays, trustee, to secure the Matoaka Grocery Company in the payment of a promissory note for $1,000.00 executed by A. Gilmore to its order, and afterward assigned by Matoaka Grocery Company to the National Carbide Sales Corporation. The decree did not cancel the deed of trust nor the note which it secures; it simply enjoined their enforcement.

The bill of complaint alleges four different grounds upon which the plaintiffs seek relief.

First. That the debt purporting to be secured by the said deed of trust is not owed by the plaintiffs and has never been owed by them, but that the note therein secured was executed by the plaintiffs upon the representation of one John Neal, an agent of Matoaka Grocery Company, to the effect that, by executing the note and deed of trust, the plaintiffs would fully protect their two sons, who, it is alleged were at that time running the grocery store, to which the purchased goods were furnished, in the possession of the stock of goods therein contained, and that the note and deed of trust would be held by the Matoaka Grocery Company without enforcing them to assist the plaintiffs in the purpose of protecting the stock of goods against sale by other creditors.

Second. That John Neal took the acknowledgment to the deed of trust at a time when he was an officer and stockholder in the Matoaka Grocery Company without informing the plaintiffs to that effect, and that the deed of trust is therefore void.

Third. That the plaintiff, E. Gilmore, the wife of A. Gilmore, did not sign the deed of trust nor the note and that she had no knowledge of either.

Fourth. That the plaintiffs did not have the twenty days notice of sale as required by law.

The Matoaka Grocery Company, E. F. Mays, trustee, and National Carbide Sales Corporation filed their joint and several answers in which the material allegations of the bill of complaint were denied, and proof was taken. Upon final hearing, the decree complained of was entered, perpetuating the temporary injunction against the sale under the trust deed, but not cancelling the note or the trust deed in accordance with the prayer of the bill.

The appellant takes the position that the one admitted averment of the bill of complaint to the effect that the notary public who took the acknowledgment to the deed of trust was an officer and stockholder in the payee corporation of the note thereby secured, is not sufficient to render the deed of trust void as between the parties

thereto, and that the proof is insufficient to sustain the other material averments of the bill of complaint.

Dealing with the four grounds for injunctive relief as they are laid in the bill of complaint, we have reached the following conclusion concerning each:

As to the first ground, we are of the opinion that there can be but little doubt from the record before us that the deed of trust signed by the plaintiffs, appellees here, was given to secure a *bona fide* debt owed by A. Gilmore to the Matoaka Grocery Company. At the trial, the Matoaka Grocery Company produced its books of account to substantiate the indebtedness and showed that the account had always been carried in the name of A. Gilmore. The plaintiffs did not controvert the fact that the account had been opened in the name of A. Gilmore, that the Matoaka Grocery Company had extended credit in the name of A. Gilmore covering a period of years, nor the fact that the goods representing the amount of the note secured by the deed of trust had actually been bought from the Matoaka Grocery Company. It is true that they denied the existence of the indebtedness, but their denial cannot be held to overcome the legal consequences of the facts they admit. The contention of the plaintiffs was simply that, at the time the indebtedness secured by the deed of trust accrued, the store for which the goods had been purchased from the Matoaka Grocery Company was being run by their two boys. Previous to that time, it had been run by A. Gilmore and he had purchased goods from the Matoaka Grocery Company on credit for a long period of time. The plaintiffs made no pretense that they had complied with the bulk sales law, nor that they had given the Matoaka Grocery Company notice of any other kind of a transfer of their business to their two sons. In fact, if the record is viewed strictly, it would appear that A. Gilmore remained the owner and proprietor of the grocery store, simply turning the operation of it over to his boys. Upon legal principles too familiar to require the citation of authority, we are of the opinion that this ground of in-

junctive relief was not sustained by the plaintiffs in their evidence.

The second ground of injunctive relief, as laid in the bill, is the allegation that the deed of trust is void because the acknowledgment was taken by John Neal, who was an officer and stockholder of the payee in the note secured. Without going into the conflict of authority concerning the effect of an interested party taking an acknowledgment to a deed of trust and how such a defect might operate, if at all, upon the rights of innocent third parties, we are of the opinion that here we haven't the question before us for decision. The deed of trust required no acknowledgment to be effective as between the parties thereto. *Heck* v. *Morgan,* 88 W. Va. 102, 106 S. E. 413. Regardless of what the effect of this acknowledgment may have been, if the rights of third parties had intervened, we are of the opinion that, as between the actual parties to the deed of trust, it could not be the basis of injunctive relief against its enforcement.

As to the third ground for injunctive relief, that is to say, the allegation that E. Gilmore, the wife of A. Gilmore, did not sign the deed of trust, here, again, we are of the opinion that the plaintiffs have failed. It is true that Mrs. Gilmore testified emphatically that she did not sign the deed of trust and that she had no knowledge of it. Two witnesses for the plaintiffs testified that Mrs. Gilmore did sign the deed of trust, and, of course, the notary's certificate of her acknowledgment is appended thereto. But leaving the matter, in so far as the evidence is concerned, as a pure matter of conflict as to which we would be required to sustain the trial court, we are forced then to consider the allegation of the bill of complaint. The bill alleges explicitly and unequivocally that A. Gilmore and E. Gilmore executed the deed of trust. This allegation appears in two different-parts of the bill of complaint. There is another allegation to the effect that E. Gilmore did not sign the deed of trust. Inasmuch as the averments of the bill of complaint as to the signature of E. Gilmore to the trust deed are in absolute and diametric conflict, we are obliged to hold that

there is no allegation in the bill upon which the proof of the fact that Mrs. Gilmore did not sign the deed of trust could be considered. The bill of complaint is in irreconcilable confusion on this point. Relief cannot be accorded upon proof that is not predicated upon an allegation of the bill of complaint. *Blizzard* v. *Salyer*, 125 Va. 604, 100 S. E. 454. See also on analogous principles the following West Virginia cases: *Doonan* v. *Glynn*, 26 W. Va. 225; *Floyd* v. *Jones*, 19 W. Va. 359; *Baugher* v. *Eichelberger*, 11 W. Va. 217.

As to the fourth ground of injunctive relief to the effect that the plaintiffs did not have the twenty days notice required by law, we are obliged to hold that here, again, the plaintiffs have failed to sustain their case. The bill of complaint makes the allegation unequivocally. The answer denies it. This put the plaintiffs upon proof to show lack of notice. There is no such proof in the record.

On the basis of the foregoing conclusions, we are of the opinion that with respect to the plaintiff, A. Gilmore, injunctive relief must be denied and the bill of complaint dismissed. However, inasmuch as the reversal of the trial court's decree concerning the rights of E. Gilmore is based upon infirmities in the allegations in the bill of complaint as to her, the case is remanded for further development in so far as the rights of the plaintiff, E. Gilmore, are concerned, with leave to her to amend her bill of complaint, if she be so advised, in order that the case may be further proceeded in as to the interest of the plaintiff, E. Gilmore.

The decree of the Circuit Court of Mercer County will be reversed and the bill dismissed as to A. Gilmore; and the decree of the Circuit Court of Mercer County will be reversed and the case remanded for further proceedings in accordance with this opinion as to E. Gilmore.

*Reversed and remanded.*