# Richmond

## J. E. Hawks v. C. O. Sparks, Et Al.

December 2, 1963.

Record No. 5670.

Present, Eggleston, C. J., and Buchanan, Whittle, Snead, I'Anson and Carrico, JJ.

The opinion states the case.

*W. M. Gravatt, Jr.*, for the appellant.

*William Earle White* (*J. H. Barney; White, Hamilton, Wyche &
Shell*, on brief), for the appellees.

I'Anson, J., delivered the opinion of the court.

This suit was instituted by John Edward Hawks, appellant, to compel specific performance of a written contract made by C. O. Sparks, Charlie R. Sparks and Tilda Sparks, in which they agreed to sell 452½ acres of land in Amelia county, Virginia, to the appellant.

After considering the evidence taken by depositions, the exhibits and argument of counsel, the chancellor, in a written opinion, denied the relief prayed for and entered a decree dismissing appellant's bill. From this decree we granted appellant an appeal.

Appellant contends that the chancellor erred (1) in finding that C. O. Sparks and Charlie R. Sparks are not the fee simple owners of the 452½ acres and could not convey an entire estate in the land; and (2) in refusing to require C. O. Sparks and Charlie R. Sparks to convey whatever interest they do own in the land to appellant, with a proportionate abatement in the purchase price.

By deed dated June 8, 1946, J. R. Sparks, who owned in fee simple an undivided one-half interest in the 452½-acre tract, and his wife, conveyed their interest to Charlie R. Sparks for life, with full power and authority during his lifetime to sell or otherwise dispose of the property conveyed, and upon the death of Charlie R. Sparks, the remainder in so much of the property as was not disposed of by him in his lifetime to pass in equal shares to Roy B. Sparks, Ronald O. Sparks and Charline Sparks, children of Charlie R. Sparks.

By deed dated February 13, 1954, C. O. Sparks (divorced), owner in fee simple of the remaining one-half undivided interest in the 452½-acre tract, conveyed his interest to Charlie R. Sparks "for his life with the remainder in fee simple to the heirs of the said party of the second part [Charlie R. Sparks], Reserving, However, a life estate in the said party of the first part [C. O. Sparks], in the event the party of the first part survives the party of the second part."

On January 22, 1955, C. O. Sparks, Charlie R. Sparks and the latter's wife, Tilda Sparks, executed a contract in which they agreed to sell the 452½-acre tract to appellant for $38,000. The contract stated that $400 had been received as a down payment and that the remainder of the agreed price was to be paid upon delivery of a warranty deed which was to be prepared as soon as possible.

There was evidence that appellant was to have the deed prepared but he did not do so when his attorney found that it was questionable

whether C. O. Sparks and Charlie R. Sparks could convey good title to the property.

In March 1955, Charlie R. Sparks, a resident of Winston-Salem, North Carolina, came to Virginia to see appellant concerning the contract, since he had not heard from him, but nothing further was done toward conveying title to the property.

On July 9, 1955, Charlie R. Sparks sent appellant his check for $410, intending it to be a return of the deposit made by appellant on the purchase price, plus interest. The check was returned to Sparks and the appellant advised him through his attorney that he was "still anxious" to go through with the contract.

On August 1, 1955, appellant, who did not sign the contract of January 22, 1955, affixed his signature to the contract along with another merely as a witness, had a notary acknowledgment placed on it, and later recorded it in the clerk's office of the Circuit Court of Amelia County.

In October, 1955, appellant again talked to Charlie R. Sparks and his wife, Tilda, and at that time Tilda said she would not sign a deed to the property. After this meeting Charlie R. Sparks testified that he heard nothing more from appellant until this suit was instituted on December 11, 1959. Appellant denied this testimony and said that he talked to Charlie R. Sparks subsequent to this occasion, but that the negotiations were largely in the hands of his attorney.

The chancellor's finding that under the provisions of § 55-7, Code of 1950, 1959 Repl. Vol., Charlie R. Sparks had a right during his lifetime to sell the one-half undivided interest in the property which he acquired from J. R. Sparks by the June 8, 1946 deed is not questioned on this appeal. But appellant challenges, in his first assignment of error, the findings of the chancellor that Charlie R. Sparks acquired only a life estate in the one-half undivided interest conveyed to him by the 1954 deed from C. O. Sparks; that Tilda Sparks has no dower interest in this life estate; and that C. O. Sparks has a contingent life estate in this undivided one-half interest with a remainder in the heirs of Charlie R. Sparks.

Appellant first argues that the acknowledgment on the 1954 deed from C. O. Sparks to Charlie R. Sparks is defective, and although the deed is valid as between the parties, it is void as to him because he was a bona fide purchaser for value without notice (Code §§ 55-96, 55-106), and hence C. O. Sparks can convey to him a fee simple title in that one-half undivided interest in the property. He further argues

that even if the acknowledgment is not defective, since the deed was prepared in North Carolina it is presumed that it was the intention of the parties to convey a fee simple interest to Charlie R. Sparks in accordance with the rule in Shelley's case, which is followed there, and this Court should reform the 1954 deed to carry out the manifest intention of the parties.

These contentions were not made in the court below and are raised here for the first time. Thus the appellant presents an entirely different case on appeal from the one before the court below. Aside from the fact that the arguments are unsupported by the evidence and are without merit, it has long been the rule that this Court will not consider matters raised on appeal for the first time. *Womble* v. *Gunter*, 198 Va. 522, 528, 95 S. E. 2d 213, 218; *Stevens* v. *Mirakian*, 177 Va. 123, 129, 12 S. E. 2d 780, 782; *Blizzard* v. *Salyer*, 125 Va. 604, 611, 612, 100 S. E. 454, 456; 1 Mich. Jur., Appeal and Error, § 242, p. 661.

The evidence supports the chancellor's finding that C. O. Sparks, Charlie R. Sparks and Tilda Sparks are not the fee simple owners of the 452½-acre tract and could not convey an entire estate in the land to the appellant. Thus total specific performance of the contract was properly denied.

The appellant next contends that the chancellor erred in not requiring C. O. Sparks and Charlie R. Sparks to convey to him the interests the chancellor found that they owned in the 452½ acres, with a proportionate abatement of the purchase price.

As a general rule, when the seller is unable to convey the entire estate in the land that he has contracted to sell, the buyer may compel the seller to convey whatever estate he may have and the buyer will be allowed an abatement of the purchase price to compensate him for the deficiency in title. *Robinson* v. *Shepherd*, 137 Va. 687, 694-696, 120 S. E. 265, 267, 268; *Dunsmore* v. *Lyle*, 87 Va. 391, 393, 12 S. E. 610, 611; 49 Am. Jur., Specific Performance, § 102, pp. 119, 120; 81 C. J. S., Specific Performance, § 21, p. 446 *et seq.;* 17 Mich. Jur., Specific Performance, § 60, p. 93.

However, specific performance of a contract is not a matter of right, but rests in the discretion of the trial court to be granted or refused according to established principles and the facts of each case. *Raney* v. *Barnes Lumber Corp.*, 195 Va. 956, 970, 81 S. E. 2d 578, 586; *Griscom* v. *Childress*, 183 Va. 42, 47, 48, 31 S. E. 2d 309, 312; *Darling* v. *Cumming's, Executor*, 92 Va. 521, 525, 23 S. E. 880, 881.

Appellant strongly relies on *Robinson* v. *Shepherd, supra,* to sup-

port his contention that he is entitled to a conveyance of whatever interests the parties to the contract can convey, with a proportionate abatement of the purchase price. The case is clearly distinguishable from the present one on the facts. There Robinson agreed to sell to Shepherd a parcel of land for $9,000. At the time the contract was entered into both Robinson and Shepherd thought that Robinson had an entire estate in the land. They later found that Robinson had only a one-half interest and a curtesy interest in the other half, owned by his infant child. Robinson promptly brought a partition suit for the sale of the land which brought $1,650 more than the price agreed upon by Robinson and Shepherd. The question then arose as to who was entitled to this excess, and this Court held that under the contract Shepherd was the equitable owner of Robinson's interest in the property and he was thus entitled to the latter's portion of the excess.

While a decree based on evidence taken by depositions does not have the same weight as one based on an *ore tenus* hearing, it is presumed to be correct, even though it is founded on conflicting evidence, and the burden is on one who seeks to overturn the decree to show that it is manifestly wrong. Such a decree will not be reversed if reasonably supported by substantial, competent and credible evidence. *Canavos* v. *Canavos*, 200 Va. 861, 866, 867, 108 S. E. 2d 359, 363; 1 Mich. Jur., Appeal and Error, § 280, pp. 712, 713.

Here the chancellor found, on conflicting evidence, that C. O. Sparks, Charlie R. Sparks, Tilda Sparks and the appellant contemplated a sale of the entire estate in the property and that appellant made no offer to take whatever interest the parties to the contract could convey. Indeed, the appellant's bill prayed for specific performance of the whole contract when he knew shortly after the contract was executed and before the suit was brought that this was highly questionable. It was not until C. O. Sparks and Charlie R. Sparks filed their answers and appellant filed his amended bill that he prayed for a partial performance of the contract.

Appellant had agreed to prepare a deed of conveyance but he never submitted one, either for the conveyance of the entire property or for whatever interest C. O. Sparks and Charlie R. Sparks could legally convey. Moreover, appellant concedes that he was not bound by the contract until he brought this suit (*Mooers* v. *Wilson*, 183 Va. 910, 919, 33 S. E. 2d 791, 794) which was nearly five years after the contract was signed. In the meantime the land had increased in value from growth of the timber thereon.

The three children of Charlie R. Sparks, contingent remaindermen under the 1954 deed, were parties defendant to this suit and two of them were infants when the suit was brought. If partial performance of the contract were compelled, the appellant would share an interest in the land with the infants and any other heirs of Charlie R. Sparks, who could not be determined until the death of Sparks. Appellant would obtain rights which he did not acquire under the contract and might then force a sale of the property under §§ 8-703.1, as amended, and 8-675, Code of 1950, 1957 Repl. Vol., 1962 Cum. Supp., which would, under the facts and circumstances of this case, be against the interests of the infants.

When we consider the appellant's failure actively to assert his rights for a period of nearly five years, his delay in bringing this suit, and the interests of the infants, it would be inequitable to grant the prayer of appellant's amended bill and we are of opinion that the chancellor properly denied total or partial specific performance of the contract to sell the 452½ acres.

For the reasons stated, the decree is

*Affirmed.*