## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

VERGA REID, ET AL. v. WILLIAM BURKE ALLEN, ET AL.

January 16, 1976.

Record No. 741107.

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Poff and Compton, JJ.

*Edgar F. Puryear, Jr.* (*Higginbotham & Puryear*, on brief), for appellants.

*Thomas S. Word, Jr.* (*William L. Matson; McGuire, Woods & Battle*, on brief), for appellees.

COMPTON, J., delivered the opinion of the court.

We review the final decree in a suit, brought by the purchasers, granting partial specific performance of a written contract for the

sale of "Glenmore Farm", containing about 429 acres, located in Culpeper County.

This dairy farm, operated as a "family partnership", is owned by Verga Reid, an appellant and one of the defendants below, and Stanley F. Reid, her son, as tenants in common. Verga and appellant Francis Reid, her husband and the other defendant below, live on the farm while Stanley, age 41, and his wife live nearby but not on the farm.

On April 8, 1971, appellees William Burke Allen and Glaucia M. Allen, his wife, purchasers and plaintiffs below, submitted a written offer through an agent to buy the farm for $200,000. That night the offer was communicated by the agent, in a meeting at Verga's home, to Verga, Francis, and Stanley. Following a lengthy discussion, the three Reids signed the contract, after certain material changes had been made in the written offer, including an increase of the purchase price to $210,000 and the addition of Stanley's name to the proposed contract as one of the "sellers." The next day, the Allens initialed the changes to evidence their acceptance.

Stanley's wife, Ruby, who was not present during the April 8 discussion, refused to sign the contract. The purchasers did not know, at the time the contract was executed, that Stanley was married and did not learn until three or four weeks later that Ruby refused to execute the contract.

Subsequently, in September 1972, the purchasers filed this suit against Verga and her husband, but not against Stanley, seeking to require a conveyance of Verga's undivided one-half interest in the farm in exchange for payment of one-half of the contract price "less an equitable reduction and/or abatement which would be determined by the Court." The cause was referred to a commissioner in chancery who, after taking the evidence *ore tenus*, reported in January 1974 that, *inter alia*, "the parties never contemplated the sale of less than the whole estate by the contract" and recommended denial of specific performance.

The chancellor sustained the purchasers' exceptions to the report and, in the decree appealed from entered on July 17, 1974, decreed specific performance without abatement and ordered the purchasers to pay Verga and Francis the sum of $105,000, one-half of the contract price.

We granted the Reids an appeal limited to the consideration of six of twelve assignments of error, but in the view we take of the case, only assignment of error 11 requires discussion. It states that the trial

court erred "in ruling that the [purchasers] were entitled to specific performance of the one-half interest of Verga Reid and Francis Reid."

■ We must initially focus on our standard of review because of the posture in which this suit comes to us. The chancellor has rejected the commissioner's report. *See* Code § 8-250. Consequently, we must review the evidence and ascertain whether, under a correct application of the law, the evidence supports the findings of the commissioner or the conclusions of the trial court. *First National Bank* v. *Cobler*, 215 Va. 852, 854, 213 S.E. 2d 800, 802 (1975).

Verga and Francis contend the commissioner correctly found, under the evidence, that the parties to the contract intended a sale of no less than the whole estate in the tract and, therefore, that these purchasers may not force, by specific performance, conveyance of an undivided one-half interest in the farm. We agree.

■ Preliminarily, we will dispose of a procedural issue. The purchasers argue at the bar that we eliminated from the appeal consideration of the foregoing issue by the manner in which we restricted the issues. They apparently base the contention, which was not made in their brief, on the fact that we refused to review assignment of error 7, which stated that "[t]he Court erred in ruling that there was a valid contract of sale as between Verga Reid and Francis Reid and the [purchasers]". This contention is without merit. The argument in the petition for appeal, pages 29-38, in support of that assignment of error dealt with other issues and did not include a discussion whether the parties intended a sale of less than the whole estate, an issue discussed, and properly so, under assignment of error 11. Our refusal to review assignment of error 7, therefore, only eliminated that alleged error, and the argument in support thereof, from consideration on appeal, and not any other. We now turn to the merits of the issue we decide.

■ From a review of the evidence, it is apparent that the purchasers never contemplated buying only Verga's undivided one-half interest in the farm or that Verga and her husband ever contemplated selling only their interest. Indeed the record shows that this theory was not advanced until about a month before the bill of complaint was filed.

In the first place, the evidence showed that this was a family-operated dairy farm which provided the livelihood for both Reid families and that if one of the interests in the farm was conveyed to the Allens, this operation would cease. In addition, there is testimony from the parties that a sale of less than the entire estate was never

contemplated. One of the purchasers answered "yes" to the question put by his attorney: "Now, according to this contract, you were to purchase the entire Glenmore Farm of 429 acres, is that correct?" Verga Reid clearly inferred in her testimony that she had no intention of selling her undivided one-half interest in the farm unless Stanley also sold his. Stanley testified that when he signed the contract, he was unwilling to convey his interest unless his mother sold hers.

Secondly, the terms of the contract itself explicitly show that the parties intended to convey the whole interest in the entire farm and nothing else. There was a unitary price stated for "429 acres, more or less." Moreover, a provision of the contract states:

"Sellers to have 60 days after settlement to dispose of cattle and move personal possessions from property. Buyer to have right during this period to make repairs and improvements on the property, main house and all other outbuildings. . . . Seller reserves right to harvest corn crop for 1971 season. Seller to harvest hay crops through time of settlement only."

As the commissioner observed, if the parties contemplated selling less than the whole estate, the foregoing provisions would not be applicable or necessary between tenants in common, because the purchasers, after settlement, would be tenants in common with Stanley and would accordingly have all of these rights, subject to a proper accounting between tenants.

The purchasers contend that this case is controlled by the rule that although "a purchaser cannot have a partial interest forced upon him, yet if he entered into a contract not knowing of the vendor's incapacity to convey him the whole, he is entitled to have the contract specifically performed as far as the vendor is able, and to have an abatement of the purchase money for any deficiency in title, or quantity, of the estate." *Robinson* v. *Shepherd*, 137 Va. 687, 695, 120 S.E. 265, 267-68 (1923). *See Clarke* v. *Reins*, 53 Va. (12 Gratt.) 98, 105-16 (1855). We disagree. This rule is not applicable under these facts because the purchasers are not asking for specific performance of a contract "as far as the vendors are able." They have not sought specific performance against Verga, Francis and Stanley, subject to Ruby's interest. They, in effect, seek to convert an agreement to sell the whole estate into one for a sale of one of the undivided shares. This amounts to the substitution of an agreement which the

parties had not contracted for. Accordingly, we determine that the evidence supports the finding of the commissioner that the parties never contemplated the sale of less than the whole estate by this contract. *See Raney* v. *Barnes Lumber Corp.*, 195 Va. 956, 968-70, 81 S.E.2d 578, 585-87 (1954); *Hawks* v. *Sparks,* 204 Va. 717, 721, 133 S.E.2d 536, 540 (1963).

It is for these reasons that the decree appealed from is reversed and a final decree will be entered here dismissing the suit.

*Reversed and final decree.*