502

## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Holmes

v.

Carroll

August 26, 1980

Case No. (Chancery) 11160

By JUDGE ALBERT H. GRENADIER

This case comes before the Court on the defendant's exception to the finding by the Commissioner in Chancery that he is not entitled to specific performance of his agreement with the petitioner.

On October 5, 1978, the parties entered into a binding agreement, whereby the petitioner agreed to sell and the defendant agreed to buy the petitioner's interest in their jointly-owned property for the sum of $17,525.00. The agreement arose out of an offer and acceptance contained in correspondence between counsel for the parties. It was not evidenced by any formal written contract.

Thereafter, the defendant undertook to refinance the property to obtain the requisite purchase price for this transaction. In November 1978, while examining title to the property, the examiner discovered a defect in the title. In order to clear the title, it was necessary to file a suit to quiet title. The suit was commenced in March 1979, and on August 29, 1979, a final decree was entered quieting title and correcting the previous defect.

In July and August 1979, the petitioner advised the defendant that the value of the property had substantially increased and that because of the delay in completing the transaction she was no longer going to be bound by the price set in the agreement reached on October 5, 1978.

The defendant asserted that the petitioner was still bound by the original agreement and in this suit prays that the petitioner be required to specifically perform the same. The issue to be resolved by the Court is whether the defendant is entitled to a decree for specific performance of the October 5, 1978, agreement.

This case presents a most unusual factual situation. The petitioner originally received her interest in the property from the defendant. Although the vendor is usually charged with providing the vendee with a marketable title, it would surely be inequitable to place that burden upon the petitioner in this case. Not only was she unaware of the title defect, but the defendant provided her with the defective title in the first place. In fairness, neither party had any prior knowledge of the title problem when they made their agreement.

The mere fact that a party to a contract makes a bad bargain will not release him from specific performance if the agreement was fairly entered into, believed to be just and equal when made, and the loss resulted from a foreseeable contingency. *Davis v. Alderson*, 125 Va. 681, 685 (1919). Nor are fluctuations in value alone sufficient to defeat specific performance. *Beckett v. Kornegay*, 150 Va. 636, 641-2 (1928).

However, the existence of an unforeseeable contingency can defeat a prayer for specific performance if the circumstances and conditions of things have been so changed as to work a loss and hardship to one of the parties. *Clay v. Landreth*, 187 Va. 169, 173 (1948).

In this case, both parties believed that their agreement was fairly entered into and was just and equal when made. The cost of money and the escalating price of real estate may have been foreseeable contingencies. The eleven-month delay occasioned by the title defect clearly was not foreseeable.

It is clear from the facts in this case that time was not of the essence of the contract. It was never stated to be such; nor does it flow from the conduct of the parties or the nature and circumstances of the agreement. There is nothing to suggest that either party was guilty of willful conduct which caused the eleven-month delay, or that either party contemplated a delay of this magnitude when the original agreement was made. But even

where time is not of the essence, it may become an important, even controlling element in determining whether performance of the contract should be decreed when considered in light of the surrounding circumstances. *Reutt v. Jordan*, 207 Va. 869, 872-3 (1967).

Specific performance is not a right. It rests in the sound discretion of the chancellor, exercised on the basis of established principles and the facts in the particular case. *Hawks v. Sparks*, 204 Va. 717 (1963).

If the factors under consideration in this case are taken singly, perhaps none of them is alone sufficient to deny the defendant's request for specific performance. But when all of the factors in this case are carefully considered, it is the opinion of the Court that specific performance in this case would work an extreme hardship upon the hapless petitioner. Under such circumstances, the extraordinary remedy of specific performance should not be decreed.

The Court will enter a decree sustaining the findings of the Commissioner made in his memorandum.