# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## C. J. SAWYER V. CITY OF NORFOLK AND PURITAN RESTAURANT.

### March 15, 1923.

1. APPEAL AND ERROR—*New Trial—Judgment Supported by Evidence— Action for Injuries to Pedestrian.*—In the instant case plaintiff alleged that while walking along a street in the city of Norfolk, a screen door at the entrance of the place of business of defendant restaurant was opened violently by some one emerging from the restaurant; that this door extended over the sidewalk; and that he was thereby thrown to the ground and seriously injured. Defendant took issue upon all of the allegations of plaintiff, and introduced evidence in direct conflict with the unsupported testimony of plaintiff.

   *Held:* That in view of Code 1919, section 6363, the Supreme Court of Appeals could not disturb the judgment in favor of defendant, as it was amply supported by the evidence.

2. FORMER ADJUDICATION OR RES ADJUDICATA—*Identity of Parties—Judgment in Favor of Codefendant for Same Act of Negligence—Evidence and Subject-Matter Identical.*—The effect of a judgment on the merits, in favor of a party charged with negligence, on the liability of a codefendant for the same act of negligence, presents a question closely related to the question of *res adjudicata.* Where there has been litigation which has in fact determined the point in controversy, and there has been a final judgment, that judgment is conclusive. Where the subject matter is identical, and the evidence is of necessity the same, the question cannot be reopened.

3. FORMER ADJUDICATION OR RES ADJUDICATA—*Judgment in Favor of Codefendant for Same Act of Negligence—Identity of Parties—Agency— Suretyship—Master and Servant.*—A judgment in favor of one of two parties occupying the relation of principal and agent, principal and surety, or master and servant, upon a ground equally applicable to both, should be accepted as conclusive of the plaintiff's right of action against the other.

4. FORMER ADJUDICATION OR RES ADJUDICATA—*Identity of Parties—Judgment in Favor of Codefendant for Same Act of Negligence—Evidence and Subject-Matter Identical—Case at Bar.*—In the instant case plaintiff brought his action against the proprietors of a restaurant and a city,

·claiming that while passing the restaurant he had been injured by a fall occasioned by some one violently opening the screen doors of the restaurant, which extended over the sidewalk.

*Held:*  That on acquittal of the proprietors of the restaurant of any actionable negligence out of which the injury of the plaintiff arose, the municipality could not be held liable therefor, because its liability was derivative, and under the facts of the case depended upon the alleged specific negligence of the restaurant.  This issue having been judicially determined adversely to. the plaintiff the municipality was not liable for his injuries, which he alleged were thereby caused.

Error to a judgment of the Circuit Court of the city of Norfolk, in a proceeding by motion for a judgment for damages.  Judgment for defendant.  Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*John N. Sebrell, Jr.,* for the plaintiff in error.

*R. W. Peatross, Jas. G. Martin* and *J. L. Hubbard,* for the defendants in error.

·PRENTIS, J., delivered the opinion of the court.

The plaintiff in error, C. J. Sawyer, sued the city of Norfolk and a copartnership trading as Puritan Restaurant.  The city of Norfolk demurred to the notice and filed a plea in bar of the action.  The questions thereby raised were determined in favor of the city and it was dismissed as a defendant.   Thereupon the case was submitted upon the merits to the judge of the trial court, who after hearing the evidence entered a judgment in favor of the defendants, the Puritan Restaurant.

[1] The plaintiff in substance alleged that while walking along Granby street in the city of Norfolk, a screen

door at the entrance of the place of business of the
Puritan Restaurant was opened violently by some one
emerging from the restaurant; that these doors extended
twenty-three inches over the sidewalk; and that he was
thereby thrown to the ground and seriously injured.
The defendants took issue upon all of the allegations of
the complaint and introduced evidence in direct conflict
with the unsupported testimony of the plaintiff, and
upon the issues of fact thus raised the judgment was
entered.    It may be remarked in passing that this con-
clusion is not surprising when it is remembered that his
fall took place upon one of the most frequented streets
in the city of Norfolk, and that no one else was in-
troduced to show that the door struck him, or that any
one saw him fall.    It is evident then that this court
cannot disturb the judgment in favor of the Puritan
Restaurant, for it is amply supported by the evidence.
Code, section 6363.

The other errors assigned relate to the city of Norfolk,
and the judgment of the court in sustaining its de-
murrer and plea in bar.    This raises quite an interesting
question, of first impression in this State, as to the
effect of that clause in the charter of the city which
provides "that no action shall be maintained against
the said city for an injury to any person or property
alleged to have been sustained by reason of the negli-
gence of the city, or of an officer, agent or employee
thereof, unless a written statement, verified by the
oath of the claimant, his agent or attorney, of the
nature of the claim and of the time and place at which
the injury is alleged to have occurred or been received,
shall have been filed with the city attorney of the said
city within thirty days after such cause of action shall
have accrued."

As there is another case on the docket of this court

which involves an analogous question, and in view of
the fact that in no event, since this case has been de-
cided upon its merits against the plaintiff, can there be
a recovery, the question has become immaterial here,
and we prefer to defer its consideration until the other
case referred to has been submitted.

[2] The precise effect of a judgment on the merits, in
favor of a party charged with negligence on the liabil-
ity of a codefendant for the same act of negligence, ap-
pears never to have been raised in this jurisdiction.    It
is closely related to the question of *res adjudicata,* and
is governed by the same principle.    Where there has
been litigation which has in fact determined the point
in controversy and there has been a final judgment,
that judgment is conclusive.    Where the subject matter
is identical and the evidence is of necessity the same,
the question cannot be reopened.    *Shumate* v. *Super-
visors of Fauquier County,* 84 Va. 574, 5 S. E. 570;
*Miller* v. *Wills,* 95 Va. 337, 28 S. E. 337; *Case* v.
*Beauregard,* 101 U. S. (11 Otto) 688, 25 L. Ed. 1005;
*Wilson's Ex'r.* v. *Deen,* 121 U. S. 534, 7 Sup. Ct. 1004,
30 L. Ed. 980; Freeman on Judgments (4th Ed.), sec-
tion 249.    *Robbins* v. *Chicago,* 71 U. S. (4 Wall.) 657,
18 L. Ed. 427.

The precise question, however, has arisen in other
jurisdictions.

In *Anderson* v. *Fleming,* 160 Ind. 597, 67 N. E. 443,
66 L. R. A. 119, there was an action by a traveler
against a contractor for street improvements, and the
plaintiff alleged negligence in failing to place lights at
an unguarded excavation into which he fell; and a
judgment in favor of the defendant contractor is held
a bar to a subsequent suit by the plaintiff to hold the
municipality liable for the same injury.

[3] In *Featherston* v. *Newburgh, etc., Turnpike Road,*

71 Hun. 109, 24 N. Y. Supp. 603, it appeared that there had been a judgment in favor of a defendant, who was the owner of property abutting upon a highway, in an action brought by one who had received a personal injury upon the highway by contact with an obstruction in front of such owner's premises, upon the ground of the contributory negligence of the plaintiff, and this judgment was held to be a bar to a subsequent action by the injured person against the turnpike company which had charge of the highway.    The reason therefor is stated to be, that if the property owner is not liable because of the plaintiff's own negligence, then the turnpike company cannot be, under the doctrine that a judgment in favor of one of two parties occupying the relation of principal and agent, principal and surety, or master and servant, upon a ground equally applicable to both should be accepted as conclusive of the plaintiff's right of action against the other.

In *Gerrish* v. *Whitfield*, 72 N. H. 222, 55 Atl. 551, it is held, in an action for the negligent location and operation of a sawmill whereby a dwelling house was destroyed by fire set by sparks from the mill, that a judgment in favor of one who owned and operated the mill is conclusive as between the same plaintiff and one who brought logs to the mill, who located the mill site, and paid the rent for the ground.

The same rule is recognized in *Hill* v. *Bain*, 15 R. I. 75, 23 Atl. 44, 2 Am. St. Rep. 873.    There a person, injured while riding on a highway by colliding with a team and carts left in the road by third parties, lost his suit, there being a verdict and judgment in favor of the defendants.    It was there held that this judgment estopped the parties from any recovery against the town, growing out of the same collision.

In the case of *Hayes* v. *Chicago Telephone Co.*, 218 Ill.

414, 75 N. E. 1003, 2 L. R. A. (N. S.) 764, there was an action brought against the city of Chicago and the Chicago Telephone Company to recover damages for injury caused by a broken wire maintained by the city on the company's poles.   There was a judgment in favor of the city and it was held that this prevented any recovery against the company because its liability, if any, depended upon that of the city, its licensee, and this liability is negatived by the judgment in favor of the city.

[4] It is manifest here that as the defendants, the Puritan Restaurant, have been acquitted of any actionable negligence out of which the injury of the plaintiff arose, the city of Norfolk cannot be held liable therefor, because its liability is derivative and under the facts of this case depends upon the alleged specific negligence of the Puritan Restaurant.   This issue having been judicially determined adversely to the plaintiff, the city is not liable for his injuries which he alleges were thereby caused.

*Affirmed.*