# Wytheville

## MATTHEW W. PICKERAL v. FEDERAL LAND BANK OF BALTIMORE, ET ALS.

June 9, 1941.

Record No. 2353.

Present, All the Justices.

*A. H. Light* and *Carter & Williams*, for the plaintiff in error.

*Peyton G. Jefferson, C. C. Seymour* and *William Beasley*, for the defendants in error.

BROWNING, J., delivered the opinion of the court.

In this case we are concerned with three trials which sought the same objective, namely, the establishment of a boundary line between the land of the plaintiff in error and that of the defendants in error. This, in turn, determines the title to about three acres of land in Pittsylvania county, Virginia. The Federal Land Bank and James and Esther Waller were parties defendant in the last two trials. The Wallers were parties defendant in the first trial. The latter held the land under a contract of sale with the Federal Land Bank, therefore, the bank was a party inferentially and by representation. Its interest in the outcome and that of the Wallers were identical.

It is unnecessary, as we see it, to do more than barely mention the incidents and happenings of the two last trials, for our interpretation of the effect of the first trial upon the issue before us is determinative of the case in judgment.

The notice of motion for judgment in the first case was a proceeding under section 6046 of the Code of Virginia, of 1919. The revisors of the Code appending a note to this section, enlarging the scope of the remedy under it, said: "This section extends the right to proceed by motion to all cases where an action at law OF ANY KIND would lie." This appears to include an alternative procedural remedy to the common law action of ejectment which partakes of the legal nature of the latter, and when employed, is governed much by like legal principles and rules.

The action in which the last two trials were had was instituted by filing a petition under section 5490 of the Code of Virginia, the statute providing for the ascertainment and establishment of boundary lines of real estate.

The first suit appeared to sound in trespass and declared for damages for alleged injury to the close, but the trespass was manifestly a camouflage of its real purpose, which was to try title to the land in question by the recognition of the therein designated boundary line, which is the same line claimed by the plaintiff in error in the second suit.

The notice of motion, despite the trespass feature, was clearly a substitute for the action of ejectment. In order that the statement or proposition which we are emphasizing may become clear it is well to say that the boundary line which the plaintiff in error claims to be the true line is alleged to largely coincide with what is known as the "Lumber Road". If that line be adopted he prevails and recovers title to the land which is in issue in both of the actions. The notice which we are considering averred possession and ownership of the land in the plaintiff, the northern boundary of which is declared to be the Lumber road and "is the line between the lands of the plaintiff and the adjoining lands occupied by defendants on the northern side of plaintiff's lands; that said Lumber road, has, for more than

fifteen years next preceding the trespasses herein complained of, been the northern boundary of the said lands etc." and there follows a recital of the requisite elements to constitute adverse possession.

Practically the same recitals appear in the petition which is the initial step in the second action and its basis. The plaintiff would have to rely upon the same evidence in both actions to sustain his claim and success in either action would produce the same result in its effect upon the possession and title of the land. In the first action the defendants plead the general issue of not guilty, which was a general denial of the allegations of the notice of motion, and in the second action there was likewise a general denial of the allegations of the petition.

The following are applicable citations from Burk's Pleading and Practice (3 Ed.), section 125, pp. 229, 230 note and 231 note:

■ "The proceeding by petition to establish boundary lines may be used as a substitute for the action of ejectment where there is a dispute between coterminous landowners over the true boundary line or lines, and much of the law relating to ejectment applies to this proceeding."

■ "The plaintiff has the right to elect to bring an action of ejectment or to proceed by petition under sec. 5490 * * * . While the judgment of the court under sec. 5490 may not in terms be a judgment 'rendered for land,' yet in substance and effect it is for land to the same extent as is a judgment entered in an action of ejectment. In *Bradshaw* v. *Booth,* 129 Va. 19, at p. 37, 105 S. E. 555, the court said in deciding a case under the Act of 1912 above referred to: 'The proceeding before us is an action for the recovery of property.' In this respect sec. 5490 is the same as the Act of 1912 above referred to."

■ "If the proceeding by motion under section 6046 be used in lieu of ejectment, there is less formality, but, with the exception of the manner of commencing the

proceeding by motion, the time required to mature it, and the pleadings, the same principles apply as in a formal action of ejectment. It is apparent that the statutes relating to ejectment, so far as appropriate to the nature of the proceeding by motion, govern.''

In the first action the verdict of the jury, approved by the court, was: "We the jury find a verdict for the defendants.'' Upon this state of facts the defendants, in the second action, plead *res adjudicata,* which was overruled by the trial court. This ruling is challenged by the defendants and we think it constitutes error. The plea should have been sustained.

In the case of *Choate* v. *Calhoun,* 153 Va. 52, 149 S. E. 470, this court said:

"The general rules with reference to the plea of *res adjudicata* apply, we think, as well to cases under Code (section 5490) as to all other cases where the same parties have litigated the same subject matter. When final adjudication has been reached in a case of this kind that is an end of it.''

In the opinion in the above case there is this citation:

"It is said in 15 R. C. L., page 962, sections 438 and 439: 'When the second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive in the latter, not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined, within the issues as they were made or tendered by the pleadings, or as incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered.' ''

The clearest and most comprehensive treatment of this subject, which we have found, is in American and English Encyclopedia of Law, Second Edition, volume 24, page 713, under the general heading *"Res Judicata* and Estoppel."

*"Res Judicata* is a rule of universal law pervad-

ing every well-regulated system of jurisprudence, and is put upon two grounds, embodied in various maxims of the common law; the one, public policy and necessity, which makes it to the interest of the state that there should be an end to litigation—*interest republicae ut sit finis litium;* the other, the hardship on the individual that he should be vexed twice for the same cause—*memo debet bis vexari pro eadem causa.* A contrary doctrine would subject the public peace and quiet to the will or neglect of individuals, and prefer the gratification of a litigious disposition on the part of suitors to the preservation of the public tranquillity and happiness.''

And *idem,* at pages 778 and 779, under the general heading "Identity of Thing Sued For", is the following: ■ `` * * * But if the two actions, although they may involve the right to different things, put in issue a common matter of fact as a necessary ground of recovery, its adjudication in the first suit is conclusive upon the second. * * * .''

And *idem,* at page 779, under the general heading "Identity of Cause of Action. * * * The rule to which the great majority of cases conform is that a judgment in a former suit is conclusive upon a subsequent one between the same parties or their privies, though upon a different cause of action, if the issues presented in the second suit were involved and fully determined in the first.

"Hence, when an issue going to the merits of two or more actions arising from the same transaction is determined upon the hearing of the first action, judgment therein may be pleaded as *res judicata* to the subsequent ones.''

■ *Idem,* at page 780, under the general heading, "Identity of Issue.—From these illustrations it will appear that it is not the identity of the thing sued for, or of the cause of action, which determines the conclusiveness of a former judgment upon a subsequent action, but merely the identity of the issue involved in the two

suits. If an issue presented in a subsequent suit between the same parties or their privies is shown to have been determined in a former one, the question is *res judicata,* although the actions are based on different grounds, or tried on different theories, or are instituted for different purposes and seek different relief.

 *"The Test of Identity* is found in the inquiry whether the same evidence will support both actions."

Five Virginia cases are cited by the plaintiff in error in his reply brief as authority against the position we have taken. We do not think that the holdings in these cases have the effect attributed to them.

 We reverse the judgment of the trial court in not sustaining the plea of *res adjudicata* filed by the defendants in error in the first trial of the second action and we here enter judgment for the defendants in error upon the said plea. All subsequent proceedings we treat as nullities. Final judgment for the defendants in error.

*Reversed and final judgment.*

HUDGINS, J., dissenting.

The Federal Land Bank of Baltimore, by deed dated September 19, 1935, acquired the forty acres, one boundary line of which is involved in this litigation. Matthew W. Pickeral, the petitioner, instituted an action of trespass in May, 1938, against James and Esther Waller, who were in possession under a lease or contract from the Federal Land Bank. In this action the judgment was for the defendants.

The present action was instituted by petition filed under Code, sec. 5490, to settle the boundary lines between the adjacent owners, who are Matthew W. Pickeral and the Federal Land Bank. In the petition James and Esther Waller are made additional parties, as they were in possession of the premises. Even if the judgment in

the former action adjudicated the title to the land in controversy, such adjudication would not bind the Federal Land Bank as it was not a party to that action.

A judgment or action affecting title to property against a grantor of such property is binding on the grantee, provided, of course, the latter acquired his interest after the institution of the suit. "The converse of the rule, however, does not apply as to the grantor with regard to judgments and actions by or against the grantee." 34 C. J. 1014.

An adverse judgment against a lessee of the Federal Land Bank in the action of trespass instituted by plaintiff in error would not have bound the Federal Land Bank in a subsequent action instituted by it to try title to the property involved, nor can the Federal Land Bank plead the judgment in favor of its lessee or assignee as a bar to this action instituted by plaintiff in error to settle the disputed boundary line between them.

In *Douglas Land Co.* v. *T. W. Thayer Co.,* 113 Va. 239, 248, 74 S. E. 215, this is said: "Trespass cannot be supported unless at the time the injury was committed the plaintiff was in actual possession, and for injuries which disturb or impair the enjoyment of it, without diverting the possession, an action of trespass *quare clausum fregit* will lie, and the right of possession in the plaintiff is necessarily involved, but not the title to the freehold."

A judgment in an action of trespass *quare clausum fregit* is not conclusive as to the title to the close, nor as to the right of possession thereof at a time subsequent to the alleged trespass. The majority opinion holds that an action for trespass is equivalent to an action of ejectment, and that a verdict and judgment in such action, although no land is described in the verdict, is a bar to a proceeding under section 5490 of the Code to settle disputed boundary lines between owners of adjacent lands. This is a distinct departure from principles firmly embedded in the law of Virginia. See

*Douglas Land Co.* v. *T. W. Thayer Co., supra; Virginia Ry. & Power Co.* v. *Ferebee,* 115 Va. 289, 78 S. E. 556; *Linkous* v. *Stevens,* 116 Va. 898, 83 S. E. 417; *Norfolk & W. R. Co.* v. *Allen,* 118 Va. 428, 87 S. E. 558, and *Bradshaw* v. *Booth,* 129 Va. 19, 105 S. E. 555.

For these reasons I am constrained to dissent.