Hennessy, Appellee, *v.* Moreland, Appellant.

(No. 241—Decided May 16, 1951.)

*Messrs. Myers & Hoopes,* for appellee.
*Messrs. Sanders & Grigsby,* for appellant.

MIDDLETON, P. J. This cause is submitted to the court on the sole question of the legal or equitable effect of the instrument in question, as set out in both the petition and the answer.

The facts attending the execution of the instrument, a purported lease, are undisputed. By agreement of counsel, as shown by the record, the following facts are admitted to be true:

1. The instrument executed by the parties is as set forth in the pleadings.

2. No dispute exists as to the terms of the instrument, and the parties signed the instrument they intended to sign.

3. Possession was taken by the defendant, under this instrument.

4. The parties intended to sign a valid lease for a period of five years.

5. The parties intended to have the instrument acknowledged and properly witnessed.

6. The term of the lease was to begin on March 31, 1950.

7. If the instrument had been properly acknowledged and witnessed it would have done no violence to the actual intent of the parties.

It is conceded that in law the instrument can create no legal title in the defendant. The only question is whether the instrument, defectively executed, shall, in equity, be treated as a contract to make a lease and, as such, specifically enforced to give full effect to the intention of the parties.

It is without question the rule in Ohio that in equity

a defectively executed lease, although void at law, may be held to be a contract to make a lease, and specific performance of the contract ordered by the court.

While many cases could be cited in support of the above statement, it is sufficient to cite the case of *Lithograph Building Co.* v. *Watt,* 96 Ohio St., 74, 117 N. E., 25, wherein the court, in its opinion on page 84, stated:

"A defectively executed instrument, either a lease or a deed, when made by the owner, may be enforced against him as a contract to make a lease or deed for the reason that it is his contract."

The cases cited by the plaintiff, claimed to be in opposition to this rule, are not applicable as the cause of action in each of the cited cases was at law and not in equity.

In view of the agreed facts and the stipulations of counsel in the instant case, the court finds that the instrument set forth in the pleadings is a contract to make a lease, and that the defendant is entitled to specific performance thereof.

Plaintiff's claim that equity will deny relief to the defendant because of "unclean hands" is without merit. This defense could be interposed only if the action supporting such a claim occurred prior to or at the time of the entering into of the lease.' No such claim is made in the instant case.

All other questions raised by the pleadings are reserved for further hearing.

*Decree for defendant.*

Jackson and Guernsey, JJ., concur.