# Richmond

## Rosina Calma v. Cezar Calma.

December 3, 1962.

Record No. 5472.

Present, All the Justices.

*Harry Ganderson*, for the appellant.

No brief or argument for the appellee.

EGGLESTON, C. J., delivered the opinion of the court.

Rosina Calma filed her bill praying that she be awarded a divorce from her husband, Cezar Calma, or an annulment of their marriage. The bill alleged that they were married at Ingleside, New Jersey, on August 27, 1954; that she is a "white person;" that her husband is not a "white person" within the meaning of Section 20-54 of the Code of Virginia, but is a Filipino; and that he willfully deserted her without just cause on September 7, 1959. The husband answered the bill, admitting all of the allegations except the desertion which he denied.

The case was referred to a commissioner in chancery who, after hearing the evidence, filed a report finding that the wife is a member of the white race; that the husband is a Filipino, a member of the Malayan race; and that they had been married in New Jersey, as alleged in the bill. The commissioner further reported:

"In view of this court's previous ruling involving the same parties as are participants in the subject action, see *Calma* v. *Calma*, Docket 3704-C and R. 5 of depositions hereto attached, there being no additional evidence which would warrant a different finding here, your commissioner reports that the marriage between the parties to this suit is one not recognized as a valid marriage in the Commonwealth of Virginia, being in violation of Section 20-54, Code of Virginia 1950."[1]

The plaintiff wife excepted to the report on the ground, among others, that the "previous ruling" in the prior divorce suit did "not involve the same issues as the pending case;" that since the marriage was valid in the State of New Jersey, where it was performed, it should be recognized by the lower court as "a valid marital status" for the determination of her prayer for divorce; and that the failure of the commissioner to recommend that she be granted a divorce, or in the alternative an annulment of the marriage, violated the rights guaranteed to her by the Constitution of the United States and the Constitution of Virginia.

---

[1] "§ 20-54. *Intermarriage prohibited; meaning of term 'white persons'.*—It shall hereafter be unlawful for any white person in this State to marry any save a white person, or a person with no other admixture of blood than white and American Indian. For the purpose of this chapter, the term 'white person' shall apply only to such person as has no trace whatever of any blood other than Caucasian; but persons who have one-sixteenth or less of the blood of the American Indian and have no other non-Caucasic blood shall be deemed to be white persons. All laws heretofore passed and now in effect regarding the intermarriage of white and colored persons shall apply to marriages prohibited by this chapter."

In the final decree the lower court approved the commissioner's report, overruled the wife's exceptions thereto, and decreed that the marriage "is not recognized as a valid marriage in the State of Virginia" for the purpose of granting the plaintiff the relief prayed for. By the further terms of the decree the court approved a stipulation executed by the parties settling their property rights and enjoined them from "cohabiting as husband and wife in the State of Virginia."

From this decree the plaintiff wife has appealed. The substance of her assignments of error is, that (1) the lower court erred in sustaining the commissioner's report and holding that the issues in the previous divorce suit are the same as those involved and decided in the present suit; (2) the action of the lower court in failing to recognize the marriage performed in New Jersey as valid in Virginia was in violation of the full faith and credit clause of Article IV, section 1, of the Constitution of the United States; (3) the action of the lower court in failing to recognize the marriage performed in New Jersey as valid in Virginia was in violation of the rights guaranteed to her by the equal protection and due process clauses of the fourteenth amendment to the Constitution of the United States; (4) the failure of the lower court to annul the marriage, or in the alternative to grant her a divorce, was in violation of the rights guaranteed to her by the Constitution of the United States and the Constitution of Virginia.

In her brief the plaintiff wife abandons her assignment of error that the lower court erred in not annulling the marriage. She insists that the marriage should be recognized in Virginia and that she be granted a divorce on the ground of wilful desertion.

In the view we take of the matter we do not reach and decide the constitutional issues raised in the assignments of error. We need consider only the first assignment which raises the question whether the lower court properly held that the recognition in this State of the plaintiff's marriage was an issue which had been involved and decided in the former suit and may not be relitigated in the present suit.

The report of the commissioner in the present suit shows that in determining that question he considered the record in the previous suit. The plaintiff made no objection to the commissioner's consideration of that record for that purpose. Indeed, on this appeal, she contends that an inspection of such record will show that the issues in the two suits are not the same and that the decision in the former suit is not a bar to a determination of the validity of her marriage in the present suit.

The first suit was brought by the husband against his wife praying

for a divorce, or an annulment of the marriage, on the grounds that (1) she was guilty of cruelty and constructive desertion, (2) she was incapable of contracting the present marriage because she had not been lawfully divorced from her former husband, and (3) the present marriage was in violation of Code, § 20-54.

The wife answered the amended bill in the first suit, denying that she was guilty of cruelty and desertion, asserting that prior to her present marriage she had been legally divorced from a former husband, and denying that the present marriage was in violation of Code, § 20-54. She asked for no affirmative relief.

There was a reference to a commissioner who filed a report in the first suit, recommending that a decree be entered declaring that the marriage was within the prohibition of Code, § 20-54, and therefore should not be recognized as a "valid marriage in the State of Virginia." The report further held that, assuming that the marriage be recognized as valid in Virginia, the evidence showed that prior thereto the wife had lawfully been divorced from her former husband, that she was not guilty of desertion, and that, therefore, the husband was not entitled to a divorce.

Although the wife had not asked for affirmative relief in the first suit, she excepted to this report on the ground, among others, that the finding that the marriage should not be recognized in Virginia was in violation of the rights guaranteed to her by the Constitution of the United States and the Constitution of Virginia.

A final decree was entered in the first suit overruling the wife's exceptions to this report, adjudicating that "the marriage between the parties" is "not recognized as a valid marriage in the State of Virginia," enjoining them "from cohabiting as husband and wife" in this State, and denying the plaintiff husband the relief prayed for by him. There was no appeal from this decree.

In the present suit the wife testified that she and her husband are the same parties who were before the court in the first suit.

It thus appears that in the first suit, which was between the identical adversary parties to the present suit, the issue as to whether the marriage should be recognized in Virginia was clearly presented and adjudicated by a final decree not appealed from. Hence, that issue was res judicata and cannot be relitigated between these parties.

The fact that the two suits may have involved other or additional issues does not prevent the bar as to that issue which was adjudicated in the first case and is involved in the second. 50 C. J. S., Judgments, § 712, p. 168 *ff.* As we pointed out in *Pickeral* v. *Federal*

*Land Bank of Baltimore*, 177 Va. 743, 751, 15 S. E. 2d 82, 85, "If an issue presented in a subsequent suit between the same parties or their privies is shown to have been determined in a former one, the question is *res judicata*, although the actions are based on different grounds, or tried on different theories, or are instituted for different purposes and seek different relief." See also, 30A Am. Jur., Judgments, § 371, pp. 411-415.

"'* * * If a particular point or question is in issue in the second action, and the judgment will depend on the determination of the particular point or question, a former judgment between the same parties will be final and conclusive in the second if that same point or question was in issue and adjudicated in the first suit; * * *.'" 50 C. J. S., Judgments, § 719, pp. 198, 199. See also, *Storm* v. *Nationwide Mut. Ins. Co.*, 199 Va. 130, 134, 97 S. E. 2d 759, 761.

Both questions of law and fact are included in the rule. 2 Freeman on Judgments, 5th Ed., § 708, p. 1494; Burks Pleading and Practice, 4th Ed., § 357, p. 673.

There is a difference of opinion on whether a former adjudication shall be pleaded in order to make the doctrine operative in the particular case. 30A Am. Jur., Judgments, § 438, p. 490 *ff.;* 50 C. J. S., Judgments, § 822, p. 389 *ff.;* 2 Freeman on Judgments, 5th Ed., § 798, p. 1690 *ff.;* Burks Pleading and Practice, 4th Ed., § 357, p. 675. Some courts hold that since the defense is an affirmative one it must be pleaded and proved by the party who relies on it. *McNunis* v. *Zukosky*, 141 W. Va. 145, 89 S. E. 2d 354, 357. However, those jurisdictions which require that the prior adjudication be pleaded recognize an exception where the estoppel arising from such adjudication appears on the face of the pleadings of the party against whom the estoppel should be applied. When the estoppel thus appears it need not be pleaded. 30A Am. Jur., Judgments, § 441, pp. 494, 495; 50 C. J. S., Judgments, § 822, p. 391; 2 Freeman on Judgments, 5th Ed., § 798, pp. 1694, 1695.

In *Martin* v. *Martin*, 167 Va. 206, 211, 212, 188 S. E. 148, 150, we held that where a bill of complaint set up facts concerning a former suit and alleged that all parties to the present suit were parties thereto, that the same land was involved in the former suit, and the papers in the former suit were considered by the lower court, no formal plea was necessary to present the issue of estoppel by judgment and res judicata.

In the present case the plaintiff wife herself raised the issue of whether recognition of the marriage had been adjudicated in the first

suit. As has been said, she excepted to the finding of the commissioner that this issue had been adjudicated against her in the first suit and vouched the record and proceedings therein in support of her contention. Clearly, then, the issue of the force and effect of the prior adjudication was properly before the lower court.

Indeed, the plaintiff wife makes no contention on this appeal that that issue was not properly before the lower court in the present suit. In her first assignment of error, while she attacks the correctness of the lower court's holding that she is estopped to relitigate the question in the present suit, she does not question its right to decide that issue.

We agree with the lower court that the issue of the recognition in this State of the plaintiff's marriage was adjudicated in the first suit and cannot be relitigated in the present suit. Accordingly, the decree appealed from is

*Affirmed.*