# Staunton

STORES BUILDING CORPORATION v. MARY LOU CONOVER, ET AL.

September 11, 1963.

Record No. 5570.

Present, Eggleston, C. J., and Spratley, Buchanan, Whittle, I'Anson and Carrico, JJ.

The opinion states the case.

*John F. Rixey* and *Stanley E. Sacks* (*Herman A. Sacks; Rixey & Rixey; Sacks, Sacks & Kendall,* on brief), for the plaintiff in error.

*James M. Pickrell* (*Kellam & Kellam,* on brief), for the defendants in error.

WHITTLE, J., delivered the opinion of the court.

■ Stores Building Corporation, hereinafter called plaintiff, was granted a writ of error to a final judgment entered against it in the lower court on the 16th day of May, 1962, in favor of Mary Lou Conover and Edwin V. Conover, hereinafter called defendants.

The motion for judgment filed by the plaintiff against the defendants sought to recover fifteen months rent, together with interest, allegedly due under the terms of the lease of a building for use as a restaurant, for the period September 5, 1960, to December 5, 1961, inclusive.

In a previous action brought by plaintiff against defendants on August 3, 1960, to recover four months rent then claimed to be due plaintiff by defendants under the same lease, the court held that defendants were tenants from year to year, the tenancy running from the 5th day of March of one year until the 5th day of March of the next succeeding year. It rendered a judgment on August 16, 1961, in favor of plaintiff against defendants for the rent then sued for, which was due at the time of the institution of the action.

On the 17th day of November, 1961, the present suit was brought by the same plaintiff against the same defendants to recover rent for the same premises which had accrued from the time of the institution of the first action until the time of the institution of the instant suit.

The defenses asserted, or those that could have been asserted by the defendants in the first case, were substantially the same as those that were asserted in the instant suit.

At the conclusion of the evidence in the instant case plaintiff moved the court to strike defendants' evidence and enter summary judgment for the rent due it, and the defendants likewise moved the court to strike plaintiff's evidence and enter summary judgment for them. Whereupon the court, without giving reason for its decision, overruled plaintiff's motion and sustained defendants' motion, entering summary judgment for the defendants, to which action of the court plaintiff excepted.

While there are several assignments of error, the plaintiff landlord here contends that "The question involved is whether or not plaintiff was entitled to recover for the rent sued for in the instant case, which was for a period while the tenancy previously determined by the court to be one from year to year was still in force, which decision was binding upon the parties, and the tenancy was not terminated until March 5, 1962."

The record discloses that on March 3, 1958, plaintiff and defendants entered into a written lease whereby plaintiff leased to defendants the building in controversy for a period of ten years beginning March 5, 1958, at a rental of $350 per month plus two per cent per month on all gross sales for the first five years, and $375 per month plus two per cent on all gross sales for the remaining five years; that said lease did not have affixed thereto plaintiff's corporate seal; that pursuant to said lease defendants moved into the premises and conducted therein a restaurant business until on or about March 5, 1959, at which time they discontinued said business. Defendants continued to pay the rent until May 5, 1960, after which time they refused to pay the rent which had accrued after May 5, 1960, for the reason that they had been advised by their attorney that they were not obligated to pay any rent because of the alleged invalidity of said lease in that the seal of the corporation was not affixed thereto. Thereupon, in August, 1960, plaintiff brought the first action against the defendants to recover the four months rent then due, to-wit: May, June, July and August, 1960. For some reason the case was not tried until August 11, 1961. Defendants' defense was that they were not liable for the rent for the reasons above set out, and also because of plaintiff's alleged refusal to accept a prospective tenant for the above premises tendered it by defendants through one James Cohen.

The first case was tried by the court without the intervention of a jury, the court holding that the lease involved was invalid as a ten-year lease under § 55-2 of the Code of Virginia, 1950, which provides that a conveyance of an estate for a term in excess of five years must be by deed or will. As stated above, the tenancy was held to be one from year to year, and judgment was entered on August 17, 1961, in favor of plaintiff against defendants for the amount of rent sued for and due at the time of the institution of the first action.

No appeal was taken from this decision and the judgment was later satisfied by defendants.

After the payment of said judgment, plaintiff demanded of defendants the payment of the rent which had accrued between the time of the institution of the first action and the institution of the present action. Upon defendants' refusal to pay any further rent the present action was instituted. Defendants then gave notice of their intention to terminate the lease as required by § 55-222 of the Code.

In order to reach a decision in this case it is necessary for us to determine what effect the ruling of the court in the first case has on the case now before us. That the trial court's holding in the first case that the tenancy was one from year to year became the law of the present case is not controverted. Defendants contend, however, that in June or July, 1960, plaintiff had an opportunity to lease the premises to a third party for $350 per month and refused to do so, thus failing to mitigate the damages.

This same question was squarely in issue in the first case, and the evidence in the case now under consideration was the same as that in the previous suit. The defendant, Edwin V. Conover, and witness James R. Cohen, stated that their testimony as to this matter in the present case was the same as that given in the first case.

The instant case is between the same parties involved in the first case, it covers the same subject matter, and a final decision (in the first case) was rendered by a court of competent jurisdiction. Under these circumstances the question is *res judicata* and should not have been in controversy in the instant case. The only difference between the two cases is that the rent involved covered different periods of time.

It is well settled in this jurisdiction that if an issue is presented in a subject suit between the same parties in which it is shown to have been determined in a former one, the question is *res judicata*, although the actions were based upon different grounds, or tried on different theories, or instituted for different purposes and seek different relief. *Pickeral* v. *Federal Land Bank*, 177 Va. 743, 751, 15 S. E. 2d 82, 85; *Calma* v. *Calma*, 203 Va. 880, 884, 128 S. E. 2d 440, 443. See also Burks Pleading and Practice, 4th Ed., Judgments, § 357, page 674.

Defendants contend further that the conduct of the plaintiff constituted a waiver of written notice to terminate the lease, thus releasing them from any further obligation under the tenancy. This contention also is without merit. It is conceded that the three months written notice required by Code, § 55-222, was not given to terminate the tenancy from year to year, until the 30th day of November, 1961. Thus the only question remaining to be resolved is whether the conduct of the parties subsequent to the first action constitutes a waiver of the required statutory notice. The defendants contend that the failure of the plaintiff to make demand on them for the payment of rent during the year when the first case was pending and subsequent thereto constituted a waiver of written notice and

estopped the plaintiff from prosecuting its claim. The facts in the case do not support such a contention. The record shows that the plaintiff made demand for the rent and that defendants declined to pay it. Furthermore, the lease provides as follows: "First.—The tenant will *without any previous demand* therefor pay the rent at the time in the amounts and in the manner above provided, * * *." (Emphasis added)

This provision of the lease is controlling. See Anno. 6 A.L.R. 2d 729, where it is stated: "* * * It also seems to be generally recognized by the cases within the scope of the present annotation, and particularly those involving leases unenforceable under the statute of frauds, that the terms of the invalid lease will be considered as controlling in all respects except its provisions as to the duration of the term." See also 51 C. J. S., Landlord and Tenant, § 135, page 732.

We are therefore of the opinion that the plaintiff in no way waived the required three months written notice.

For the reasons stated the judgment is reversed and final judgment is here entered for the plaintiff in the sum of $5,250, with interest as claimed.

*Reversed and final judgment.*

MR. CHIEF JUSTICE EGGLESTON concurs in the result.