# Richmond

GRANVA CORPORATION v. DIETRICH WALTER HEYDER, ET AL.

November 30, 1964.

Record No. 5799.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, l'Anson and Carrico, JJ.

*Joseph A. Gawrys* (*Barron F. Black; Vandeventer, Black, Meredith & Martin*, on brief), for the appellant.

*Thomas F. McPhaul* (*Alan J. Hofheimer; Hofheimer, Nusbaum & McPhaul*, on brief), for the appellees.

I'ANSON, J., delivered the opinion of the court.

■ This suit was filed by Granva Corporation, plaintiff, to compel specific performance of an agreement to lease certain real property to Dietrich Walter Heyder and Jennette Moore Heyder, defendants herein. The bill alleged that during August, 1962, the defendants entered into an oral agreement with plaintiff's corporate rental agent to lease certain business property owned by the plaintiff in the city of Norfolk, at an agreed monthly rental, for a period of five years and four months, commencing on September 1, 1962; that the oral agreement was reduced to writing and signed by the defendants and the agent, acting on behalf of the plaintiff, on August 16, 1962; that defendants delivered to the rental agent their check for $325, representing rent for the month of September, 1962; that several days later the defendant stopped payment on the check and advised plaintiff's agent that they were cancelling the agreement; that the breach of the contract by the defendants was wrongful, and that plaintiff's remedy at law was inadequate.

The chancellor sustained a demurrer to the bill on the grounds that the written instrument, which by stipulation of the parties was to be considered in ruling on the demurrer, was intended as a final lease agreement rather than a written memorandum of an oral agreement to make a lease; that it would have been a valid lease, executed in compliance with the statute of conveyances, § 55-2, Code of 1950, 1959 Repl. Vol., if an appropriate corporate seal had been affixed to the instrument pursuant to the requirements of § 55-119, Code of 1950, 1959 Repl. Vol.; that plaintiff was not entitled to the equitable relief prayed for; and that plaintiff's remedy, if any, was at law. Thus plaintiff was granted leave to amend its bill.

Plaintiff's amended bill asked for a declaratory judgment of the rights and duties of the parties and specific performance of the rental contract. It alleged, in addition to the allegations contained in the original bill, that the defendants breached their agreement before plaintiff had a reasonable time to prepare and execute a formal deed

of lease or to fix an appropriate corporate seal, properly attested, and to perform any other acts necessary to make the written instrument a proper deed of lease, enforceable at law; and that the written agreement should be construed either as a memorandum of an oral agreement to make a lease, or in the alternative a defectively executed lease, which is regarded in equity as a contract to make a lease.

A demurrer to the amended bill was sustained on the grounds that it contained no additional factual alegations which would entitle plaintiff to the equitable relief prayed for, and the court again granted it leave to transfer this cause to the law side of the court by appropriate amendment to its pleadings (§ 8-138, Code of 1950, 1957 Repl. Vol.). Plaintiff having elected not to transfer the cause to the law side of the court, it was dismissed without prejudice to the right of the plaintiff to proceed by motion for judgment at law, and it asked for and obtained this appeal.

Although the plaintiff made seventeen assignments of error, the basic contentions running through all of them are that the chancellor erred in sustaining defendant's demurrers and not construing the instrument of August 16, 1962, as an agreement to lease, or in the alternative as a defectively executed contract which is enforceable in equity.

The instrument dated August 16, 1962, is a very comprehensive one. It contains practically every conceivable provision found in leases of property, and also covenants between the plaintiff and its agent relating to the management of the property, but it is here necessary only to state some of its provisions.

Paragraph 2, entitled "Premises," reads as follows:

"Witnesseth, That Landlord does hereby lease and demise unto Tenant the interior of the following property: 7639 Granby Street, Norfolk, Virginia."

Paragraph 43, entitled "Execution," provides:

"This lease is not binding on the Landlord, until it is signed by or on behalf of the Landlord."

The instrument was signed by the defendants under seal, and on behalf of the plaintiff by its duly authorized corporate rental agent, but neither plaintiff's corporate seal nor the corporate seal of the rental agent was affixed to it.

Plaintiff contends that the agreement of August 16, 1962, is a written memorandum of an oral agreement for a lease, and that equity may decree specific performance of a contract to lease real property.

It is important, and often quite difficult, to determine whether a particular written instrument is intended as a present lease with the right of possession to commence immediately or in the future, or as a present executory contract to execute a lease in the future. The question is to be determined from the intention of the parties as gathered from the entire instrument and from the surrounding circumstances. If it is shown that the intention was to part with the possession immediately, or if the agreement of the parties leaves nothing incomplete or to be provided for that is essential for a lease, the agreement is to be regarded as a present demise. *Smith* v. *Payne*, 153 Va. 746, 757, 151 S. E. 295, 298; 1 Minor on Real Property (Ribble), § 347, pp. 452, 453, 454; 3 Thompson on Real Property, 1959 Rep., § 1062, p. 229.

When a bill alleges that the parties entered into a contract for a lease and the instrument relied on states a present demise, the bill is fatal on demurrer because of ambiguity. 3 Thompson on Real Property, 1959 Rep., *supra*.

It is perfectly manifest from the provisions of the instrument under consideration that it was intended by the parties as a present demise with possession to commence on a certain date *in futuro*. The provision "That Landlord does hereby lease and demise unto the tenant" the property at 7639 Granby Street, Norfolk, Virginia, contains apt words of a present demise. Other provisions of the agreement stipulating the term, rent, and manner of occupation of the premises show that there was nothing left for the parties to agree upon which would be essential to make it other than a present demise. The instrument would have been valid as a lease if the statute of conveyances, Code § 55-2, had been complied with. This statute reads:

"No estate of inheritance or freehold or for a term of more than five years in lands shall be conveyed unless by deed or will * * *."

The demurrer to the original bill was properly sustained because it alleged a contract to lease but the instrument made a part of the pleadings stated a present demise.

Plaintiff admits in its amended bill that the instrument of August 16, 1962, does not comply with the Code provision for the signature of deeds by a corporation. See § 55-119, Code of 1950, 1959 Repl. Vol.

But it argues that even if the instrument was intended as a present demise which was not executed pursuant to statute and thus is unenforceable at law, then it should be construed as a defectively executed

lease, which is treated in equity as a contract to make a lease, and may be specifically enforced.

On the other hand, defendants say that they repudiated the agreement shortly after its execution by them; that it was not binding on either party when they cancelled it; that they did not enter into possession of the premises; and that the amended bill did not state a cause for equitable relief.

There is authority supporting the principle that an instrument, although in the form of a present demise and void at law for failure to be executed under seal, as required by statute, may nevertheless be enforced in equity as a contract for a lease. *Parker* v. *Taswell*, 2 De G. & J. 559, 44 Eng. Rep. 1106, 8 Eng. Rul. Cas. 642 (1858); *Grundstein* v. *Suburban Motor Freight*, 92 Ohio App. 181, 107 N. E. 2d 366, 371-273 (1952); *Hennessy* v. *Moreland*, 90 Ohio App. 178, 104 N. E. 2d 195, 196 (1951); *Reed* v. *Moore*, 91 Fla. 900, 109 So. 86, 88 (1926); 32 Am. Jur., Landlord and Tenant, § 38, p. 60.

However, an examination of the authorities cited shows that in each instance in which the above principle was applied the lessee was in possession of the premises and had paid rent in accordance with the provisions of the lease, although it was defectively executed, and the relationship of landlord and tenant had been created. We have not been cited to any case, nor have we been able to find any in our independent research, where a defectively executed lease has been treated as a contract to make a lease when the lessee has not entered and occupied the property under the terms of the contract.

In the present case there was no allegation in either the original or amended bill that the defendants had occupied the premises under the terms of the defectively executed contract. On the contrary, it was alleged that the defendants repudiated the agreement shortly after it was signed by them and before the seal of the plaintiff corporation or that of its authorized corporate agent could be affixed to the instrument.

A lease not executed in accordance with the statute may be repudiated as soon as made by either party because it is not binding on them. *Reeder, et al.* v. *Sayre*, 70 N. Y. 180, 183, 26 Am. Rep. 567; *Laughran* v. *Smith*, 75 N. Y. 205. But when a tenant takes possession under a defectively executed instrument a tenancy is created. The kind of tenancy created, however, depends upon the manner in which the rent is received. See *Building Corp.* v. *Conover*, 204 Va. 457, 459, 461, 132 S. E. 2d 458, 460, 461 (1963).

Plaintiff also says that even though the appropriate corporate seal was not affixed to the instrument it was not void under the language of Code § 55-2 and specific performance of the contract should be decreed. But even if the language of the statute does not declare such an instrument to be void, it is nevertheless unenforceable because the statute was not complied with and thus it did not convey any interest in the property. Under the language of paragraph 43 of the instrument itself, it was not binding on the plaintiff unless properly signed. The plaintiff was not bound to give defendants possession of the premises if it chose not to do so, and an action for specific performance would not lie against it in consequence thereof. Nor were the defendants bound to take possession of the premises under an unenforceable instrument. Thus there was a lack of mutuality of obligations and it could be repudiated by either party as soon as made.

Specific performance of a contract is not a matter of right, but rests in the discretion of the chancellor to be granted or refused according to established principles and the facts of each case. *Raney v. Barnes Lumber Corp.*, 195 Va. 956, 970, 81 S. E. 2d 578, 586; *Hawks v. Sparks*, 204 Va. 717, 720, 133 S. E. 2d 536, 539.

Defendants did not enter into possession of the property under the unenforceable lease, and the allegations in the amended bill did not make out a cause for equitable relief.

The request in the amended bill for relief by way of a declaratory judgment changed the nature of the pending case in name only, since there were no additional factual allegations upon which plaintiff was entitled to equitable relief. The subject matter and the parties were the same. Under the broadest conception of the purpose of a declaratory judgment proceeding, the chancellor in this cause was not required to determine all the rights and obligations of the parties in this cause before plaintiff proceeded at law. Moreover, plaintiff was granted leave when the demurrers to both the original and amended bills were sustained to amend its pleadings and transfer the cause to the law side of the court.

The appropriateness of the declaratory relief prayed for under the circumstances here, rested in the chancellor's discretion. See Anno. 60 A. L. R. 2d 400, 404.

For the reasons stated, we hold that the action of the chancellor in sustaining the demurrers to both the original and amended bills was proper, and the decree is

*Affirmed.*