## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Charles Haskins
and Martine Haskins

     v.

Tepper Bros. Realty Co.

May 25, 1970

## By JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the order entered today sustaining the defendant's motion to set aside the verdict of the jury in this case and which enters final judgment in favor of the defendant.

This is a tort action seeking recovery of compensatory and punitive damages suffered as the result of a trespass. The plaintiffs were tenants under a written lease of a certain apartment dwelling, the defendant being the rental agent thereof. This action is here on appeal from the Civil Justice Court of the City of Richmond (now Civil Court) wherein this defendant was sued jointly with its employee and agent Wilkins. Judgment was rendered there in favor of Wilkins and has become final. The judgment entered below against this defendant was appealed by it to this court and a trial *de novo* was had.

The entire record from the Civil Justice Court is a part of the record in this Court. Such record includes the motion for judgment with the judgment below noted thereon; the grounds of defense; and the plaintiffs' bill of particulars. No further pleadings were filed while the matter was pending in this Court and the only order entered here prior to trial was one amending the *ad damnum* clause of the motion for judgment.

The case was tried to a jury and the court's notes taken at the time (there being no court reporter present) show that at the conclusion of all the evidence and before the discussion of the instructions commenced in chambers, the defendant moved to strike the plaintiffs' evidence upon the ground that the final judgment aforesaid in favor of the agent Wilkins was conclusive of the plaintiffs' right of action against the defendant who was his master. This motion was overruled with leave granted to the defendant to renew such motion after the verdict. The plaintiffs erroneously assert in their memorandum that the defendant raised this issue for the first time after the verdict.

Following the verdict the defendant moved to set it aside upon the same ground assigned in support of its motion to strike. The defendant argues that because its liability was derivative and depended upon the alleged trespass of Wilkins, his acquittal in the Civil Justice Court of any wrong out of which damage to the plaintiffs resulted, precludes any liability attaching here to the defendant. *Sawyer* v. *City of Norfolk*, 136 Va. 66 (1923).

The plaintiffs do not dispute the fact that final judgment was entered below in favor of Wilkins but they assert that the motion to set aside this verdict should be overruled because: first, this defendant was a joint participant in the tortious act committed by Wilkins since "it commanded its servant to do the act" and therefore it may be held liable even though its servant has been acquitted; and, second, that even if the defendant was not a joint participant but the relationship between the defendant and Wilkins was one only of master and servant in which case a judgment in Wilkins's favor would exonerate the defendant, nevertheless the defendant has waived the prior adjudication and is now estopped from relying thereon for the reason that the prior adjudication was not pleaded nor was the issue raised until the entire evidence had been heard. Neither of these positions is supported by the law as it applies to the facts of this case.

### Joint Participation

The cases involving the master's liability to a third person as the result of acts of his servant fall into two classes: "[T]hose in which the master is charge-

able as principal tort-feasor on the ground of his own personal fault, as where he is a joint perpetrator of the wrongful act itself, or where the act causing injury is the act of the servant in pursuance of his express orders, and [second] those for which the master is vicariously or constructively liable, upon the principle [of] respondeat superior." 35 Am. Jur., *Master and Servant*, section 532, pp. 959, 960. The plaintiffs take the position that this case falls under the former class. See also 57 C.J.S., *Master and Servant*, section 557, pp. 268, 269, ftn. 74 and cases cited therein with particular attention to · *Grace* v. *Smith*, 277 S.W.2d, 503, 508 and 510 (Mo. 1955), which also sets forth the plaintiffs' theory. They also rely on *McInerney* v. *United Railroads* 195 P. 958, 962-963 (Cal. App. 1920), which was followed in *McCullough* v. *Langer*, 73 P.2d, 649 (Cal. 1937).

But this theory of liability upon the master does not aid the plaintiffs here. In the first place, the case was not tried upon this theory. The defendant and Wilkins were sued jointly as master and servant in the court below upon respondeat superior. No change in the pleadings was made or attempted when the case was appealed to this court. Instruction one given and offered by the plaintiffs was predicated upon the theory of master and servant and not joint participation in the alleged wrongful act. In instruction five offered by the plaintiffs (refused because it was repetitious) they asked that the jury be instructed upon the liability of the defendant on the theory of respondeat superior.

In the second place, even if it can be successfully argued that the case was tried under the theory of joint participation, the facts of the case do not bring it within that proposition. According to the court's notes the evidence showed that Wilkins was in the general employ of the defendant and among other things his duties included cleaning up the apartments when they had been vacated. As a result of one of the floods of last August, 13 out of 16 apartment units in the area which were supervised by the defendant became vacant. The defendant had been told by the authorities to clean up the vacant apartments or they would be condemned. Thereupon the defendant instructed Wilkins to assist in this task. It was in the process of performing this duty in the premises leased to the plaintiffs that Wilkins committed the alleged trespass and caused damage to personal property of the

plaintiffs, to-wit: an automatic clothes washer, a baby bed, drafting equipment and masonry equipment. The defendant Tepper did not go into the apartment until it had been cleaned out so he was not an active participant in the commission of the alleged trespass.

Actions of trespass committed by an agent are usually based upon the doctrine of respondeat superior. *Lockhart v. Friendly Finance Co.*, 110 So.2d 478, 480 (Fla. App. 1959). But a rather exhaustive review of the law reveals that it is often difficult to determine where the line should be drawn (where the master *directs* the servant to do an act) between liability upon the master as a joint participant on the one hand or his liability only upon the theory of respondeat superior on the other. The degree of participation and whether or not there is a separate ground of liability upon the master seem to be the keys to the solution of the problem. For example, where the master is on the scene and aids and encourages the agent in the commission of an assault to a third party, the master would be liable not only under a respondeat superior but also as a joint participant. For a case of this type see *Sparks v. Atlantic Coast Line*, 88 S.E. 739 (S.C. 1916), cited in Anno. 72 A.L.R.2d 1229. A physician, who was sued jointly with a nurse who caused severe burns to the plaintiff, a hospital patient, as the result of negligent application of infra red heat, was held liable as a joint participant because he actually supervised the application of the heat and was frequently in the plaintiff's room while it was being applied under his direction by the nurse. *McCullough, supra.* See also *Campbell v. Preston*, 379 S.W.2d 557, 561 (Mo. 1964). In *Grace, supra*, the railroad company was held liable as a joint participant even though the employee engineer was exonerated when the plaintiff was killed in a crossing accident at night due to the alleged speed of the train and the failure of the railroad to properly maintain the red warning light at the crossing. The separate ground of liability arising out of the duty of the railroad to maintain its signals resulted in responsibility upon the master independently of its liability upon respondeat superior for the negligence of the engineer in exceeding the lawful speed for which he was exonerated. This is the same concept discussed in *McInerney, supra*, relied on by the plaintiffs, in which it is stated at page 963 of the Pacific Reporter that "where the employee was

acting under the direction of his employer, who was therefore liable, not merely under the rule of respondeat superior, but rather as a joint participant in the acts complained of, as where the act was that of an employee of a railroad in running a train at a negligent rate of speed, and was done under the rule of the railroad requiring such a speed." See also *Fonda* v. *Northwestern Public Service Co.*, 292 N.W. 712, 719-720 (Neb. 1940).

In this case there is no separate independent ground of liability upon the defendant except that which is based upon the act of Wilkins in trespassing and causing damage. The wrongful act of Wilkins is the only wrongful act charged to the defendant, who did not take part in the trespass and who did not participate in the acts resulting in damage to the plaintiffs' property. Therefore the defendant was not a joint participant with Wilkins in the tort charged but is liable to the plaintiffs upon respondeat superior.

This having been decided, the law is clear that when the liability of the employer is solely upon the doctrine of respondeat superior, there may be no recovery against him when the employee has been exonerated and discharged from personal liability for damages caused by the tort of the employee. 35 Am. Jur., *Master and Servant*, section 534, p. 962; 52 Am. Jur., *Torts*, section 129, p. 466; Restatement of Torts (1939), section 883. See also *Sawyer, supra*; *McLaughlin* v. *Siegel*, 166 Va. 374 (1936); *Spears* v. *Burchett*, 289 S.W.2d, 729, 731 (Ky. App. 1956); *Pullen* v. *Novak*, 99 N.W.2d, 16, 25 (Neb. 1959).

### *Waiver*

As stated, the entire record of the court below is a part of the record in this case and it clearly shows the final judgment in favor of Wilkins. Furthermore, while no plea of former adjudication was filed by the defendant, this defense was made the subject of a motion to strike the evidence at the conclusion of all the evidence and again as a part of the motion to set the verdict aside.

The defense of former adjudication when it is relied upon to conclude the ultimate fact or matter in issue (as distinguished from being used to establish some *other* fact alleged) cannot ordinarily be raised by a motion

or demurrer, since these are not appropriate or proper methods of presenting to the court the facts with respect to the adjudication and of which the court will not take judicial notice, *unless such prior adjudication appears as a part of the same action.* 2 Freeman on Judgments, 5th ed., section 798, pp. 1694, 1695. When the court can see from the record in the case then before the court that the present question has been settled by a prior adjudication, the dispute is no longer open to litigation and the party relying thereon has not waived his right by failing to formally plead such adjudication. *Rentz* v. *Eckert*, 49 Atl. 203, 205 (Conn. 1901); *Cox* v. *McClure*, 47 A. 757, 759 (Conn. 1901). See also *Calma* v. *Calma*, 203 Va. 880, 884 (1962); *Burks' Pleading and Practice*, 4th ed., section 357, p. 675; 8 M.J. *Former Adjudication and Res Adjudicata*, section 75, p. 652, ftn. 8.

The plaintiffs rely upon *Hickey* v. *Johnson*, 9 F.2d 498, 504 (8th Cir 1925), urging that the defendant has waived the benefit of the judgment in favor of Wilkins because it has taken "a position so inconsistent with its assertion as to amount to an election to abandon it." That case points out that for such waiver to take place there must be "a clear intention to abandon the defense or to present a situation inconsistent with the assertion of that defense." Here the defendant has not taken a position inconsistent with the idea that no liability attached to it or to Wilkins. It denied Wilkins's liability as well as its own and denied that it or Wilkins damaged any of the plaintiffs' property. Indeed the defense of the prior adjudication was merely an additional defense and not an inconsistent one. See 46 Am. Jur. 2d, *Judgments*, Section 585; Anno. 120 A.L.R. 8, 55; 50 C.J.S., *Judgments*, section 822, p. 391.

For the reasons set forth above, the verdict of the jury shall be set aside and judgment shall be entered in favor of the defendant.