## CIRCUIT COURT OF FAUQUIER COUNTY

Rodgers

v.

Manson

May 9, 2001

Case No. (Chancery) CH 99-13

BY JUDGE JEFFREY W. PARKER

This is a proceeding *inter alia* to vacate child support provisions of the original divorce decree involving the parties entered on June 15, 1989. Oral Motions to Dismiss were made in this Court by counsel for the defendant on December 4, 2000, before Judge William Shore Robertson on the day this matter had been set for trial. Judge Robertson determined that the Motions to Dismiss were in the nature of Motions for Summary Judgment. As a result, the trial of the case was continued and the motions placed upon a briefing schedule.

Due to Judge Robertson's recent illness, oral argument was continued to May 4, 2001, and this matter was heard by the undersigned Judge. The defendant has based her motion on four separate grounds: collateral estoppel, lack of fraud, laches, and public policy. The first ground for dismissal presented by the defendant is that the complainant is barred by the doctrine of collateral estoppel from relitigating the issue of paternity which was determined in the previous divorce decree. The parties have alleged in their memoranda and supporting documents that they were married on May 30, 1986. Christopher Michael Rogers, the child for whom the support was ordered, was born prior to the marriage on December 21, 1985. The parties separated and, as a result of a divorce petition filed by the husband, were divorced in Fauquier County. While these facts were alleged in argument, it is significant to note that no admissions were attached to the subject motions.

The complainant has objected to the use of collateral estoppel as an affirmative defense by the defendant. The fact that the defendant did not affirmatively plead collateral estoppel does not affect the analysis, as it is evident from the face of the pleadings. See *Calma v. Calma*, 203 Va. 880 (1962).

In any event, the defendant relies heavily on the case of *Slagle v. Slagle*, 11 Va. App. 341 (1990), for the proposition that a previous divorce proceeding is dispositive as to issues of paternity when custody and child support are awarded in a final decree of divorce. The *Slagle* court went so far as to find that the mere entry of a final decree of divorce between the parties amounts to a "finding that the child [was] born of the marriage . . . that implicit in these rulings is a finding by the court that the husband was the father of the child. . . ." 11 Va. App. at 345.

As a result, according to the defendant, the complainant would be collaterally estopped to raise the issue of paternity in a hearing to modify child support. However, this is not dispositive of the case at Bar. The court in *Slagle* made it very clear that the "principles of collateral estoppel may not be invoked to sustain fraud." *Id.* at 348 (citations omitted). The court in *Slagle* goes on to state that "if the husband has any remedy in this case, it is in the form of an action to invalidate the final decree, not to modify support." *Id.*

The complainant, in his Amended Bill of Complaint, alleges fraud as a justification for the arrest of the judgment of the Court dated June 15, 1989. Although the complainant does not mention Va. Code § 8.01-428 specifically, latitude will be provided the complainant in recognizing the application of this Code section to the pleading. There is currently insufficient evidence for this Court to determine the merits of a fraud claim in advance of trial or whether the fraud is extrinsic or intrinsic.

Similarly, the defense of laches also requires the hearing of evidence. While it would have clearly been preferable for the defense of laches to have been asserted in the pleadings, the Court determines that the matter has been sufficiently set forth as to place the parties on notice. There is no surprise to the complainant at this time as this defense has been alleged since December of last year and trial will not be held until June. It would not serve judicial economy to compel amendments to the pleadings when they would be granted and amendments would simply cause further delay and expense to the parties.

In reference to the public policy defense, the Court declines to go down this slippery slope as to which side is entitled to the benefit of "public policy."

As a result, defendant's Motion to Dismiss is denied without prejudice, except as to the defense of collateral estoppel which is denied with prejudice.